## IN THE UNITED STATES DISTRICT COURT OF OHIO
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL WISE and DONALD GENTRY,** on behalf of themselves and others similarly situated, | ) ) ) | CASE NO. 5:18-cv-00926 |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| **PRECISION PRODUCTS GROUP, INC.,** | ) ) | |
| Defendant. | ) ) | |

### JOINT MOTION FOR FINAL APPROVAL OF FLSA SETTLEMENT AND FOR PRELIMINARLY APPROVAL OF CLASS ACTION SETTLEMENT

Dated:  December 21, 2018

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
**Nilges Draher LLC**
7266 Portage St., N.W., Suite D
Massillon, Ohio  44646
(330) 470-4428 – Telephone
(330) 754-1430 – Facsimile
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiffs*

*/s/ Peggy Schmitz*
Peggy J. Schmitz (0023932)
Kimberly L. Hall (0090677)
**Critchfield, Critchfield & Johnston, Ltd.**
225 North Market Street; P.O. Box 599
Wooster, Ohio 44691
(330) 264-4444 –Telephone
(330) 263-9278- Facsimile
E-mail: schmitz@ccj.com; khall@ccj.com

*Counsel for Defendant*

## Table of Contents

TABLE OF AUTHORITIES

MEMORANDUM IN SUPPORT

FACTUAL AND PROCEDURAL BACKGROUND ................................................................. 9

    A.  The Action .................................................................................................... 9

    B.  Negotiation of The Settlement ..................................................................... 10

    C.  The Settlement Terms .................................................................................. 11

MOTION FOR FINAL APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT ..... 12

    A.  The Seven-Factor Standard Is Satisfied ...................................................... 12

        1.  No Indicia of Fraud or Collusion Exists ....................................... 13

        2.  The Complexity, Expense and Likely Duration ........................... 14

        3.  Investigation Was Sufficient to Allow the Parties to Act Intelligently ......................... 14

        4.  The Risks of Litigation Favor Approval ....................................... 15

        5.  Uncertainty of Recovery Supports Approval ................................ 15

        6.  Experienced Counsels' Views Favor Approval ............................ 15

    B.  The Settlement Distributions Are Fair, Reasonable and Adequate ............... 15

        1.  The Settlement Shares Are Reasonable ........................................ 16

        2.  Representative Plaintiffs' Service Awards .................................... 16

        3.  The Attorneys Fees and Expenses to Plaintiffs' ........................... 17

MOTION FOR PRELIMINARY APPROVAL OF OHIO CLASS ACTION SETTLEMENT .. 20

    A.  Preliminary Approval of the Settlement Under Rule 23(b) Is Warranted ........................ 20

        1.  Certification of the Settlement Class Is Appropriate ..................... 20

            a.  Whether Defendant failed to pay Representative Plaintiff Wise and the Ohio Class Members for all hours worked in excess of 40; and ................................. 20

            b.  Whether Defendant's rounding and docking practices are lawful. ............. 21

        2.  The Class Notices Satisfy Rule 23 and Due Process ..................... 21

    B.  Approval of the Settlement Under Rule 23(e) Is Warranted ........................... 22

        1.  The Seven-Factor Standard Is Satisfied ....................................... 23

CONCLUSION ............................................................................................................... 24

<u>**Table of Authorities**</u>

**Page(s)**

**Cases**

*Bailey v. White,*
    320 Fed. Appx. 364, 2009 WL 928595 (6th Cir. 2009)...........................................................21

*Bessey v. Packerland Plainwell, Inc.*
    2007 WL 3173972 (W.D. Mich. 2007)..................................................................................18, 19

*Bogosian v. Gulf Oil Corp.,*
    621 F. Supp. 27 (E.D. Pa. 1985) ...............................................................................................16

*Crawford v. Lexington-Fayette Urban County Government,*
    2008 WL 4724499 (E.D. Ky. Oct. 23, 2008).......................................................................13, 15

*Dail v. George A. Arab, Inc.,*
    391 F. Supp. 2d 1142 (M.D. Fla. 2005)....................................................................................23

*Day v. NLO,*
    851 F. Supp. 869 (S.D. Ohio 1994) ..........................................................................................21

*In re Dun & Bradstreet Credit Services Customer Litigation,*
    130 F.R.D. 366 (S.D. Ohio 1990) .......................................................................................16, 17

*Eisen v. Carlisle & Jacquelin,*
    417 U.S. 156 (1974).....................................................................................................................22

*Enterprise Energy Corp. v. Columbia Gas Transmission Corp.,*
    137 F.R.D. 240 (S.D. Ohio 1991) ............................................................................................17

*Fegley v. Higgins,*
    19 F.3d 1126 (6th Cir. 1994) ..............................................................................................17, 18

*Fidel v. Farley,*
    534 F.3d 508 (6th Cir. 2008) ..............................................................................................21, 22

*Franks v. Kroger Co.,*
    649 F.2d 1216 (6th Cir. 1981) ..................................................................................................23

*General Tel. Co. v. Falcon,*
    457 U.S. 147 (1982)....................................................................................................................21

*Grunin v. International House of Pancakes*
    (8th Cir. 1975), 513 F.2d 114 ....................................................................................................22

3

*In re Integra Realty Res., Inc.,*
   262 F.3d 1089 (10th Cir. 2001) ........................................................................22

*Landsberg v. Acton Enterprises, Inc.*,
   2008 WL 2468868 (S.D. Ohio June 16, 2008) ..................................................12

*In re Minolta Camera Products Antitrust Litigation,*
   666 F. Supp. 750 (D. Md. 1987) .......................................................................16

*In re Revco Securities Litigation,*
   Fed. Sec. L. Rptr. ¶ 96,956 (N.D. Ohio 1993) .................................................18

*Rutherford v. City of Cleveland*,
   137 F.3d 905 (6th Cir. 1998) ............................................................................21

*Senter v. General Motors Corp.*,
   532 F.2d 511 (6th Cir.) ...............................................................................20, 21

*Shaw v. Toshiba America Information Systems, Inc.*,
   91 F. Supp. 2d 942 (E.D. Tex. 2000) ...........................................................18, 19

*Silber v. Mabon,*
   18 F.3d 1449 (9th Cir.1994) .............................................................................22

*In re Southern Ohio Correctional Facility*,
   175 F.R.D. 270 (S.D. Ohio 1997) .....................................................................17

*Sweet v. General Tire & Rubber Co.*,
   1982 WL 278 (N.D. Ohio Mar. 17, 1982) .........................................................23

*Williams v. Vukovich*,
   720 F.2d 909 (6th Cir. 1983) .......................................................................13, 23

*UAW v. General Motors Corp.*,
   497 F.3d 615 (6th Cir. 2007) ...................................................................... *passim*

**Statutes**

Fed. R. Civ. P. 23(e) .................................................................................... *passim*

29 U.S.C. § 216(b) ....................................................................................... *passim*

**Other Authorities**

Manual for Complex Litigation (4th) § 14.121 .......................................................19

4 Newberg On Class Actions § 11.41 (4th ed. 2007) ............................................23

**IN THE UNITED STATES DISTRICT COURT OF OHIO**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL WISE and DONALD GENTRY,** | ) | |
| **on behalf of themselves and others similarly** | ) | CASE NO. 5:18-cv-00926 |
| **situated,** | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **PRECISION PRODUCTS GROUP, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

### JOINT MOTION FOR FINAL APPROVAL OF FLSA SETTLEMENT AND FOR PRELIMINARLY APPROVAL OF CLASS ACTION SETTLEMENT

Representative Plaintiffs Michael Wise and Donald Gentry, on behalf of themselves, and

on behalf of the FLSA Class Members and the Ohio Class Members, and Defendant Precision

Products Group, Inc. ("PPG") hereby respectfully request that this Honorable Court:

1.      Approve the Parties' Settlement Agreement, attached hereto as **Exhibit 1**;

2.      Finally approve the FLSA Collective Action settlement and approve the FLSA

Collective Action Settlement Notice and FLSA Consent to Join and Release Form to the FLSA

Class Members, attached to hereto as **Exhibit 2**.

3.      Designate Donald Gentry as the Class Representative for the FLSA Class

Members and Michael Wise as the Class Representative for the Ohio Class Members and

approve their requests for Service Awards;

4.      Preliminarily approve the Ohio Class Action settlement and approve the Notice of

Proposed Settlement of Class Action and Fairness Hearing (Ohio Class Action Settlement

Notice) to the Ohio Class Members, **attached hereto as Exhibit 3**, pursuant to Fed. R. Civ. P. 23(e);

In support of these motions, Representative Plaintiffs and Defendant submit the Settlement Agreement and its exhibits (*see* **Exhibit 1**), which consist of the following documents and proposed orders:

Exhibit A: List of Ohio Class Members

Exhibit B: List of FLSA Class Members

Exhibit C: Ohio Class Action Settlement Notice

Exhibit D: FLSA Collective Action Settlement Notice and Consent to Join and Release Form

Exhibit E: General Release for Michael Wise

Exhibit F: General Release for Donald Gentry

Exhibit G: Proposed Order granting Final Approval of the FLSA Collective Action Settlement and approving the form, content and method of distribution of the FLSA Collective Action Settlement Notice and FLSA Consent to Join and Release Form

Exhibit H: Proposed Order granting Preliminary Approval of the Ohio Class Action Settlement and approving the form, content and method of distribution of the Ohio Class Action Settlement Notice

Representative Plaintiffs and Defendant also submit the Declaration of Shannon M. Draher, attached hereto as **Exhibit 4**.

The following schedule sets forth a proposed sequence for the Settlement:

Five (5) days after Preliminary Approval of the Ohio Class Action Settlement and Final Approval of the FLSA Collective Action Settlement:  Defendant will provide the Settlement Administrator a spreadsheet containing the names, last known addresses, and Social Security Numbers of the Ohio Class Members and FLSA Class Members;

Fourteen (14) days after Preliminary Approval of the Ohio Class Action Settlement: The Settlement Administrator will mail Ohio Class Action Settlement Notice to the Ohio Class Members (Exhibit C);

Fourteen (14) days after Final Approval of the FLSA Collective Action settlement: The settlement Administrator will mail the FLSA Collective Action Settlement Notice and FLSA Consent to Join and Release Form to the FLSA Class Members (Exhibit D);

Ninety (90) days after mailing of the Ohio Class Action Notice:  Last day for Ohio Class Members to "opt-out" of the Settlement and submit written objections to the Settlement;

Ninety (90) days after mailing of the FLSA Collective Action Settlement Notice and FLSA Consent to Join and Release Form to the FLSA Class Members:  Last day for FLSA Class Members to "opt-into" the FLSA Collective Action Settlement;

One hundred twenty (120) days after mailing of the Ohio Class Action Notice: Last day for filing and serving of papers in support of final approval for Ohio Class Action settlement;

One hundred twenty (120) days after mailing of the Ohio Class Action Settlement Notice:  Plaintiffs' Counsel will file a Declaration verifying that the Ohio Class Action Settlement Notice was distributed, and the Parties will submit the proposed estimated schedule of settlement payments to the Court and an updated version of the proposed Final Order and Judgment Entry;

More than one hundred twenty (120) days after mailing of the Ohio Class Action Settlement Notice **[DATE TO BE SET BY COURT]**: Fairness Hearing and Final Settlement approval hearing at **[TIME TO BE SET BY COURT]**;

Thirty-One (31) days after the Court's Final Order and Judgment Entry: the Effective Date;

Five (5) days after the Effective Date: Settlement Administrator will mail the settlement payments to the FLSA Class Members who opt-in to the FLSA Collective Action settlement and the Ohio Class Members who do not opt-out of the Ohio Class Action settlement, the Service Awards to Representative Plaintiffs, and the attorneys' fees and reimbursement of litigation expenses to Plaintiffs' Counsel.

As explained in the attached Memorandum in Support, the Settlement Agreement was reached during arms-length negotiations between the Parties, with the assistance of Mediator Mike Ungar, which were conducted by experienced counsel following substantial investigation

7

exchange of informal, and on the basis of mutual recognition of the strengths and weaknesses of each other's positions, and the risks to each side of continued litigation.

Respectfully submitted,


/s/ Shannon M. Draher
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
**Nilges Draher LLC**
7266 Portage St., N.W., Suite D
Massillon, Ohio  44646
(330) 470-4428 – Telephone
(330) 754-1430 – Facsimile
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiffs*

/s/ Peggy Schmitz
Peggy J. Schmitz (0023932)
Kimberly L. Hall (0090677)
**Critchfield, Critchfield & Johnston, Ltd.**
225 North Market Street; P.O. Box 599
Wooster, Ohio 44691
(330) 264-4444 –Telephone
(330) 263-9278- Facsimile
E-mail: schmitz@ccj.com; khall@ccj.com

*Counsel for Defendant*

**MEMORANDUM IN SUPPORT**

### I.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

#### A.   <u>The Action</u>

On April 23, 2018, the Representative Plaintiff Michael Wise filed this Action, alleging that Defendant violated the Fair Labor Standards Act and the Ohio overtime and prompt pay statutes by failing to pay Plaintiff and other similarly situated employees all of their overtime compensation.  (Doc. No. 1).  Specifically, Plaintiff alleged that, pursuant to a companywide policy, Defendant: (1) docks its employees pay in 15-minute increments for late arrivals, and (2) rounds its employees' clock-in and clock out times in a manner in which the employees always loses credit for time actually worked.  (*Id.*).

Defendant filed its Answer to Plaintiff's Complaint on May 22, 2018.  (Doc. No. 5).

A few weeks after Defendant filed its Answer, the Parties agreed to an informal exchange of discovery and a private mediation.  (*See* Doc. No. 10).

On December 12, 2018, Representative Plaintiffs filed a Motion to File First Amended Class and Collective Action Complaint, adding Representative Plaintiff Donald Gentry as a Named Plaintiff and Class Representative for the FLSA Class.  (Doc. No.19).

Defendant has denied and continues to deny that it violated any federal or state law, breached any duty, failed to pay any employees as required by the FLSA or any state law, engaged in any other unlawful conduct with respect to any of its employees, including, but not limited to, the allegations that were raised, or could have been raised, in the Action.  (*See* Doc. No. 5).

### B.      Negotiation of The Settlement

The Parties agreed to randomly select 10% of the putative class for purposes of evaluating alleged damages.  (Draher Decl. ¶ 12).  Defendant provided daily punch in and out records; daily "final hours" records; and pay rate information for each of the putative class members in the representative sample during period of July 1, 2015 to July 1, 2018.    (*Id.*). Defendant also provided the dates of employment for the entire putative class members. Plaintiffs' Counsel engaged a consultant to evaluate the records. (*Id.*).

First, the consultant calculated the alleged average unpaid weekly overtime for the 10% sample by taking the difference of the time punch records and time paid.  This calculation showed a discrepancy of approximately $18.85 per week between the time punch records and the time paid.  (*Id.* at ¶ 13).

Then, the consultant calculated the number of weeks each of the putative class members who were not in the 10% sample worked for Defendant during the period of July 1, 2015 to July 1, 2018.  (*Id.* at ¶ 14).  The consultant gave those putative class members credit for $18.85 in unpaid overtime compensation for each of those workweeks.  (*Id.*).

Last, the consultant added the total unpaid overtime for the 10% sample and the putative class members who were not in the 10% sample, resulting in approximately $380,769 in alleged unpaid overtime compensation.  (*Id* at ¶ 15.).

The Parties engaged in mediation on September 4, 2018, with well-respected mediator Mike Ungar.  (Draher Decl. ¶ 16).  Although the Parties did not reach a settlement at the mediation, they continued to work tirelessly towards a settlement.  (*Id.*).  They had multiple post-mediation settlement discussions with the mediator and amongst themselves.  (*Id.*).  The mediation and post-mediation settlement discussions eventually led to a settlement being reached.  (*Id.*).

C.      **The Settlement Terms**

The Settlement Agreement encompasses an FLSA Collective Action settlement for the FLSA Class Members (defined below) and an Ohio Class Action settlement for the Ohio Class Members (defined below).  The persons eligible for a settlement payment under the Settlement Agreement consist of:

- FLSA Class Members, which are defined as Representative Plaintiff Donald Gentry and Defendant's current and formerly hourly Indiana employees that worked forty or more hours in any workweek during the period of July 1, 2015 and July 1, 2018.

- Ohio Class Members, which are defined as Representative Plaintiff Michael Wise and Defendant's current and formerly hourly Ohio employees that worked forty or more hours in any workweek during the period of July 1, 2015 and July 1, 2018.

The terms of the Settlement Agreement include: the total settlement payment to be made by Defendant ($550,000), the effective date of the Settlement, the process for distributing notice of the FLSA Collective Action settlement to the FLSA Class Members and notice of the Ohio Class Action settlement to the Ohio Class Members, the process by which FLSA Class Members can opt-in to the FLSA Collective settlement, the process by which the Ohio Class Members can opt-out of or object to the Ohio Class action Settlement; the process for calculating settlement shares; the process for distributing settlement payments to FLSA Class Members who opt-in to the FLSA Collective Action settlement and Ohio Class Members who do not opt-out of the Ohio Class Action settlement; the proposed service awards to the Representative Plaintiffs in recognition of their services in this Action and the providing of general releases, and the proposed distribution of reasonable attorneys' fees and expense reimbursements to Plaintiffs' Counsel.

The settlement shares for the FLSA Class Members and the Ohio Class Members will be based upon the number of weeks a member worked for Defendant in comparison to the total number for workweeks worked by all members during the period of July 1, 2015 and July 1, 2018. The settlement shares will be calculated by the Settlement Administrator based on the members' dates of employment with Defendant during the period of July 1, 2015 and July 1, 2018.

The FLSA Class Members who opt-in to the FLSA Collective Action settlement and the Ohio Class Members who do not opt-out of the Ohio Class Action settlement will release all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action (1) asserted in Plaintiffs' First Amended Class and Collective Action Complaint (2) any other claims regarding the alleged failure to pay overtime compensation, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and applicable state laws through the Release Period.  The "Released Period" shall mean the period between April 23, 2015 and the date the District Court enters final approval.

## II.  MOTION FOR FINAL APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT

The FLSA Collective Action settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA.  As shown in the attached Declaration of Shannon M. Draher, and as explained below, Court approval is warranted on all scores.

### A.  The Seven-Factor Standard Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness."  *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's*

*Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *Crawford*, 2008 WL 4724499 at *3. As shown below and in the Declaration of Shannon M. Draher, this standard supports approval of the Settlement.

### 1. No Indicia of Fraud or Collusion Exists

Plaintiffs' Counsel has extensive experience litigating FLSA claims, including claims for unpaid overtime. The Settlement Agreement was achieved only after arms-length and good faith negotiations between the Parties with the assistance of well-respected mediator, Mike Ungar. (Draher Decl. ¶ 16). As such, there is no indicia of fraud or collusion.

## 2.    The Complexity, Expense and Likely Duration
of Continued Litigation Favor Approval

The policy favoring the settlement of collective actions and other complex cases applies with particular force here.  Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming.  Moreover, the Parties continue to disagree over the merits of Plaintiffs' claims.  Plaintiffs claim the Defendant failed to pay them for all of their time worked, and that this failure resulted in unpaid overtime compensation.  Specifically, Plaintiffs claim that Defendant docked their pay and the pay of the FLSA Class Members and the Ohio Class Members, and improperly rounded their time and the time of the FLSA Class Members and the Ohio Class Members.  Defendant alleges that it paid Plaintiffs and the FLSA Class Members and the Ohio Class Members for all hours worked.  The Parties also disagree about the application of the three-year statute of limitations and liquidated damages.  (Draher Decl. ¶ 22).

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling.  The Settlement, on the other hand, provides substantial relief to the Representative Plaintiffs, the FLSA Class Members and the Ohio Class Members promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. (Draher Decl., ¶¶ 23-26).

## 3.    Investigation Was Sufficient to Allow the Parties to Act Intelligently

The Parties engaged in substantial investigation and informal discovery prior to negotiating the Settlement.  Specifically, Defendant produced timekeeping and payroll records for the period July 1, 2015 and July 1, 2018.  Plaintiffs' Counsel engaged a consultant to analyze those records and compute damages.  (Draher Decl., ¶ 12).

### 4. The Risks of Litigation Favor Approval

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises affirmative defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Continued litigation would be risky for all. (Draher Decl., ¶¶ 22,26).

### 5. Uncertainty of Recovery Supports Approval

Plaintiffs' range of possible recovery is also open to dispute. Even if Plaintiffs succeeded on the merits of their claims, the amount of recovery is uncertain and something upon which the Parties continue to disagree. As an example, the Parties disagree about whether the time punch records accurately represent time actually worked, and also disagree as to the applicability of a three-year statute of limitations and liquidated damages. (Draher Decl., ¶ 22).

### 6. Experienced Counsels' Views Favor Approval

Plaintiffs' counsel has extensive experience in wage-and-hour collective and class actions, the Parties have acted in good faith, and have represented their clients' best interests in reaching the Settlement. Plaintiffs' Counsel and Defendant's Counsel support the Settlement as fair and reasonable, and in the best interest of the Plaintiffs as a whole, as described in the Declaration of Shannon M. Draher. (Draher Decl., ¶¶ 22-26).

### B. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999). All components of the proposed distribution are

proper and reasonable, and the Settlement as a whole is fair, reasonable and adequate for the Plaintiffs.

### 1. The Settlement Shares Are Reasonable and Adequate

The settlement shares for the FLSA Class Members and the Ohio Class Members will be based upon the number of weeks a member worked for Defendant in comparison to the total number of workweeks worked by all members during the period of July 1, 2015 and July 1, 2018. (Draher Decl., ¶ 20). If approved by the Court, before deductions for Plaintiffs' attorneys' fees and expenses, Service Awards to the Class Representatives and payment of the settlement administration fees, the settlement is approximately 144% of the alleged unpaid overtime compensation as calculated by Plaintiffs' consultant. (*Id.* at ¶ 20).

### 2. Representative Plaintiffs' Service Awards Are Proper and Reasonable

Service awards to a representative plaintiff recognizing the value of his or her services on behalf of other participants are proper. As stated in *In re Dun & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366 (S.D. Ohio 1990):

> Numerous courts have not hesitated to grant incentive awards to representative plaintiffs who have been able to effect substantial relief for classes they represent.

130 F.R.D. at 373 (citing *Wolfson v. Riley*, 94 F.R.D. 243 (N.D. Ohio 1981); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985); *In re Minolta Camera Products Antitrust Litigation*, 666 F. Supp. 750, 752 (D. Md. 1987)).

In this Circuit, service awards to representative plaintiffs are "typically justified when named plaintiffs expend more time and effort beyond that of other class members in assisting class counsel with litigation, such as by actively reviewing the case and advising counsel in

prosecution of case." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997).

The courts recognize that "differentiation among class representatives based upon the role each played may be proper in given circumstances." *Dun & Bradstreet*, 130 F.R.D. at 374 (citing *In re Jackson Lockdown/MCO Cases*, 107 F.R.D. 703, 710 (E.D. Mich. 1985)). *See also Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991) (among the factors warranting incentive awards are the "time and effort spent" by the individuals in question and "whether these actions resulted in a substantial benefit to Class Members").

Representative Plaintiffs contributed significant time, effort, and detailed factual information enabling the Parties to successfully resolve this matter.   Their time and efforts support the requested service payment.  They also agreed to put their name on the line and be Representative Plaintiffs and to a general release of claims.  (Draher Decl., ¶ 27).

> **3.     The Attorneys Fees and Expenses to Plaintiffs'
> Counsel Are Proper and Reasonable**

After the Court has confirmed that the terms of settlement are fair to the Representative Plaintiffs, the FLSA Class Members and the Ohio Class Members, it may review the Parties' agreement as to the provision of fees and costs to Plaintiffs' Counsel.  The Settlement reflects Defendant's agreement to pay Plaintiffs' Counsel one-third of the total settlement amount.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).  In *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for

17

prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley,* 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)).

*Fegley* was followed in *Bessey v. Packerland Plainwell, Inc.* 2007 WL 3173972 (W.D. Mich. 2007), in which the district court approved a one-third attorneys' fee in an FLSA settlement very much like the one presented here.  Fulfilling *Fegley*'s emphasis on "encourage[ing] the vindication of congressionally identified policies and rights," the *Bessey* court found "the percentage of fund method is the proper method in this case for compensating plaintiffs' counsel.  The fact that the damages which could have been claimed by each class member were relatively modest provides a strong reason for adopting the percentage of recovery method, for it rewards counsel for taking on a case which might not otherwise be economically feasible." *Bessey,* 2007 WL 3173972, at *4 (citing *Rawlings v. Prudential Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993) (the district court "must make sure that [class] counsel is fairly compensated for the amount of work done as well as for the results achieved" and "the percentage of the fund method more accurately reflects the results achieved").  *Accord, In re Revco Securities Litigation*, Fed. Sec. L. Rptr. ¶ 96,956, at 94,069 (N.D. Ohio 1993) ("'[t]he percentage of the fund approach… provides a fair and equitable means of determining attorney's fees'" because "'the size of a common fund is an objective yardstick by which the benefit conferred upon the class can be measured'").

In determining the reasonableness of the one-third fee, the *Bessey* court considered the comparative data about Rule 23 class settlements summarized in *Shaw v. Toshiba America*

*Information Systems, Inc.*, 91 F. Supp. 2d 942 (E.D. Tex. 2000), *discussed in Bessey*, 2007 WL 3173972, at *4:

> The most complete analysis of fee awards in class actions conducted to date was conducted by the National Economic Research Associates, an economics consulting firm. The data is reported at Frederick C. Dunbar, Todd S. Foster, Vinita M. Juneja, Denise N. Martin, Recent Trends III: What Explains Settlements in Shareholder Class Actions? (NERA, June 1995) (hereinafter "NERA Study"). <u>This data indicates that regardless of size, attorneys' fees average approximately 32% of the settlement.</u>

*Shaw*, 91 F. Supp. 2d at 988 (citing NERA Study at 7 & Exh. 12) (emphasis added).

The NERA Study relied upon in *Shaw* and *Bessey* showed the average fee to class counsel was approximately one-third of the settlement, while the average result achieved for class members was only 7% to 11% of claimed damages. Measured against that standard, the Settlement in the present case is exemplary. As discussed above, each FLSA Class Member that opts-in to the FLSA Collective Action settlement and each Ohio Class Member that does not opt-out of the Ohio Class Action settlement will receive, before deductions approximately 144% of their unpaid overtime compensation during a three-year period. Therefore, the attorneys' fees requested are reasonable in light of the exceptional benefit achieved for the Representative Plaintiffs, the FLSA Class Members and the Ohio Class Members.

A one-third fee request has been approved in numerous collective and class actions in Ohio. (*See* Draher Decl., ¶ 28). The attorneys' fees requested by Plaintiffs' Counsel should not be altered because counsel efficiently resolved this case early on rather than prolonging the litigation and increasing their potential fees. As the Manual for Complex Litigation recognizes, "one purpose of the percentage method is to encourage early settlements by not penalizing efficient counsel, thus ensuring competent counsel continue to be willing to undertake risky, complex, and novel litigation." Manual for Complex Litigation (4th) § 14.121.

Had this case not settled, Plaintiffs' Counsel would have vigorously litigated the case without any promise of success and compensation. At every step of the litigation, Defendant could have succeeded. Therefore, the Plaintiffs were at great risk for non-payment. This risk of non-payment strongly supports the amount requested here and warrants approval.

Plaintiffs' Counsel's expenses are estimated to be approximately $5,772.04. All expenses were incurred during the course of the litigation of this Action. (Draher Decl., ¶ 29).

## III.    MOTION FOR PRELIMINARY APPROVAL OF OHIO CLASS ACTION SETTLEMENT

The proposed Ohio Class Action Settlement is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e). As shown below, the Court's preliminary approval is warranted.

### A.    Preliminary Approval of the Settlement Under Rule 23(b) Is Warranted

#### 1.    Certification of the Settlement Class Is Appropriate

A proposed settlement class must satisfy the requirements of Rule 23. *UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997)). The proposed Class satisfies those requirements.

The proposed class meet Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation. *See Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir.), *cert. denied*, 429 U.S. 870 (1976); *UAW v. General Motors Corp.,* 497 F.3d at 626. The Ohio Class, consisting of 163 members, is "so numerous that joinder of all members is impracticable." Common issues of law or fact are presented by the Ohio Class's claims under the OMFWSA, including:

a.   Whether Defendant failed to pay Representative Plaintiff Wise and the Ohio Class Members for all hours worked in excess of 40; and

20

b.   Whether Defendant's rounding and docking practices are lawful.

Representative Plaintiff Wise is an adequate representative of the Ohio Class, in that he has common interests with other class members and he has vigorously prosecuted the interests of the class through qualified counsel. *Rutherford v. City of Cleveland*, 137 F.3d 905 (6th Cir. 1998).

The Ohio Class further satisfies Rule 23(b)(3)'s requirements of predominance and superiority. *Senter*, 532 F.2d at 522; *UAW v. General Motors Corp.,* 497 F.3d at 626. The unpaid overtime issues presented under the OMFWSA predominate over any individual questions. Class-wide resolution of this controversy is superior to the alternative of litigating hundreds of individual lawsuits. *General Tel. Co. v. Falcon*, 457 U.S. 147, 159 (1982) (class certification advances "the efficiency and economy of litigation which is a principal purpose of the procedure"); *Day v. NLO*, 851 F. Supp. 869, 883 (S.D. Ohio 1994) (of equal importance "are considerations of the avoidance of the inequality resulting from piecemeal litigation as well as a concern to provide access to the courts for litigants with limited resources and common claims").

## 2.      The Class Notices Satisfy Rule 23 and Due Process

Rule 23(e) requires the Court to "direct notice in a reasonable manner to all class members who would be bound" by the settlement. *Bailey v. White*, 320 Fed. Appx. 364, 2009 WL 928595 (6th Cir. 2009). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *UAW v. General Motors Corp.,* 497 F.3d 615, 626 (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

Reasonable notice to class members is required by due process as well. *Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008) (citing *DeJulius v. New England Health Care Employees Pension*

21

*Fund,* 429 F.3d 935, 943-44 (10th Cir.2005) (citing *Mullane,* 339 U.S. at 313; *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173 (1974). Due process "does not, however, require *actual* notice to each party intended to be bound by the adjudication of a representative action." *Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008) (emphasis by the court) (citing *DeJulius,* 429 F.3d at 944 (citing *Mullane,* 339 U.S. at 313-14); *In re Integra Realty Res., Inc.,* 262 F.3d 1089, 1110-11 (10th Cir. 2001); *Silber v. Mabon,* 18 F.3d 1449, 1453-54 (9th Cir.1994))). The issue is not whether all class members received notice, "but whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised to the settlement." *Fidel*, 534 F.3d at 514 (quoting *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1375 (9th Cir.1993)).

The "individual notice" requirement of Rule 23 and due process is fulfilled by sending written notice to class members by first-class mail at the addresses shown in the defendant's business records. *Grunin v. International House of Pancakes* (8th Cir. 1975), 513 F.2d 114, 120, *cert. denied* (1975), 423 U.S. 864 (1975) (citing *Eisen*, 417 U.S. at 172-77). The Eighth Circuit noted that, in *Eisen*, "the Supreme Court specifically held that individualized notice by mail to the last known address was the 'best notice practicable' in a class action." *Grunin*, 513 F.2d at 121.

In the present case, the proposed notice to the Ohio Class Members satisfies these requirements. Under the terms of the Settlement Agreement and the proposed Preliminary Order, the notice will be sent to the Class Members of the class by first-class mail using the addresses shown in Defendant's records.

**B.    Approval of the Settlement Under Rule 23(e) Is Warranted**

Under Rule 23(e), a class settlement must be "fair, reasonable, and adequate" under a seven-factor standard discussed below. *UAW v. General Motors Corp.,* 497 F.3d 615, 626

(citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)).  The Sixth Circuit has recognized that "the law generally favors and encourages the settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). Such actions, by their nature, involve uncertainties of outcome, difficulties of proof, and lengthy litigation, and lend themselves readily to compromise.  4 Newberg On Class Actions § 11.41 (4th ed. 2007) (citing cases).  Therefore, when considering the below factors, the courts apply a "strong presumption" in favor of finding a settlement to be fair.  *Dail v. George A. Arab, Inc.,* 391 F. Supp. 2d 1142, 1145-46 (M.D. Fla. 2005) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).  *Accord, Sweet v. General Tire & Rubber Co.*, 1982 WL 278, *5 (N.D. Ohio Mar. 17, 1982).

### 1.  The Seven-Factor Standard Is Satisfied

The Sixth Circuit uses seven factors to evaluate class action settlements:

(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3.  As discussed in detail above, the seven-factor standard supports approval of the Settlement.

On the basis of these factors, as well as all of the other factors discussed above, the Court should conclude that the Settlement is fair, reasonable, and adequate, and grant preliminary and later final approval under Rule 23(e).

IV.    **CONCLUSION**

The Representative Plaintiffs and Defendant request that this Court enter the Orders attached to hereto as **Exhibits 4** and **5**:

1. Approve the Parties' Settlement Agreement, attached hereto as **Exhibit 1**;

2. Finally approve the FLSA Collective Action settlement and approve the FLSA Collective Action Settlement Notice and FLSA Consent to Join and Release Form to the FLSA Class Members, attached to hereto as **Exhibit 2**.

3. Designate Donald Gentry as the Class Representative for the FLSA Class Members and Michael Wise as the Class Representative for the Ohio Class Members and approve their requests for Service Awards;

4. Preliminarily approve the Ohio Class Action settlement and approve the Ohio Class Action Settlement Notice to the Ohio Class Members, **attached hereto as Exhibit 3**, pursuant to Fed. R. Civ. P. 23(e);

5. Designate Shannon M. Draher and Hans A. Nilges of Nilges Draher, LLC as Class Counsel, and preliminarily approve their request for attorneys' fees and costs.

Respectfully submitted,

| | |
|---|---|
| */s/ Shannon M. Draher* | */s/ Peggy Schmitz* |
| Shannon M. Draher (0074304) | Peggy J. Schmitz (0023932) |
| Hans A. Nilges (0076017) | Kimberly L. Hall (0090677) |
| **Nilges Draher LLC** | **Critchfield, Critchfield & Johnston, Ltd.** |
| 7266 Portage St., N.W., Suite D | 225 North Market Street; P.O. Box 599 |
| Massillon, Ohio 44646 | Wooster, Ohio 44691 |
| (330) 470-4428 – Telephone | (330) 264-4444 –Telephone |
| (330) 754-1430 – Facsimile | (330) 263-9278- Facsimile |
| hans@ohlaborlaw.com | E-mail: schmitz@ccj.com; khall@ccj.com |
| sdraher@ohlaborlaw.com | |
| | |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 21, 2018, a copy of the foregoing *Joint Motion for Final Approval of FLSA Settlement and Joint Motion For Preliminary Approval Of Class Action Settlement* was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

 /s/ *Shannon M. Draher*
Attorney for Plaintiffs