## JOINT STIPULATION OF FLSA AND CLASS ACTION SETTLEMENT AND RELEASE

1.     Subject to approval by the United States District Court for the Northern District of Ohio ("the Court") in the civil action entitled *Michael Wise, et al. v. Precision Products Group, Inc.,* Case No. 5:18-cv-00926 (the "Action" or "the Litigation"), this FLSA and Class Action Settlement Agreement ("Settlement Agreement" or "Agreement") is entered into by and between Representative Plaintiffs Michael Wise and Donald Gentry, on behalf of themselves and on behalf of the FLSA and Ohio Classes, as defined herein, and Defendant Precision Products Group, Inc. ("PPG" or "Defendant").

### DEFINITIONS

2.     "Representative Plaintiffs" shall mean Michael Wise and Donald Gentry.

3.     "FLSA Class Representative" shall mean Donald Gentry.

4.     "Ohio Class Representative" shall mean Michael Wise.

5.     "Ohio Class Members" shall mean the Ohio Class Representative and Defendant's current and formerly hourly Ohio employees that worked forty or more hours in any workweek during the period of July 1, 2015 to July 1, 2018.  The Ohio Class Members are identified on **Exhibit A**.

6.     "FLSA Class Members" shall mean the FLSA Class Representative and Defendant's current and former hourly Indiana employees that worked forty or more hours in any workweek during the period of July 1, 2015 to July 1, 2018.  The FLSA Class Members are identified on **Exhibit B**.

7.     "Eligible Settlement Participants" shall mean the Ohio Class Members and the FLSA Class Members.

EXHIBIT 1

8.     Representative Plaintiffs, the Eligible Settlement Participants, and Defendant are collectively referred to as "the Parties."

9.     "Plaintiffs' Counsel" or "Class Counsel" is Nilges Draher LLC.  "Defendant's Counsel" is Critchfield, Critchfield & Johnston, Ltd.

10.     "Ohio Class" shall mean the Ohio Class Representative and the Ohio Class Members.

11.     "FLSA Class" shall mean the FLSA Class Representative and the FLSA Class Members.

12.     "Class Members" shall mean members of the Ohio Class and FLSA Class.

13.     "Ohio Class Action Settlement Notice" shall mean the Court-approved Notice of Settlement of the Ohio Class Action Lawsuit.  The Ohio Class Settlement Notice is attached hereto **Exhibit C**.

14.     "FLSA Collective Action Settlement Notice" shall mean the Court-approved Notice of FLSA Collective Action Settlement.  The FLSA Collective Action Settlement Notice is attached hereto as **Exhibit D**.

15.     "Notice of Settlement" shall mean the Ohio Class Action Settlement Notice and/or the FLSA Collective Action Settlement Notice.

16.     "FLSA Consent to Join and Release Form" shall mean the FLSA Consent to Join and Release Form that an FLSA Class Members must complete and submit timely to become a Claimant and receive a settlement check. The FLSA Consent to Join and Release Form is attached hereto as **Exhibit D**.

17.     "Claimants" shall mean all Ohio Class Members who do not opt-out of the Ohio Class Action and the FLSA Class Members who submit a completed and timely FLSA Consent to Join and Release Form.

18.     "Court" shall mean the United States District Court for the Northern District of Ohio, Eastern Division.

19.     "Weeks Worked" shall mean the number of weeks an Eligible Settlement Participant worked for Defendant during the period of July 1, 2015 to July 1, 2018 as determined by the Defendant based on the Defendant's employment records.   A Week Worked shall mean any week in which an Eligible Settlement Participant performed any actual work for Defendant.

20.      "Settlement Administrator" shall mean Analytics Consulting, LLC.

21.     "Global Settlement Fund" shall mean the gross amount of Five Hundred Fifty Thousand Dollars and Zero Cents ($550,000.00), which is the total amount of funds available for all payments specified hereunder, including, but not limited to, payments for all claims, Settlement Awards, fees, costs (including, but not limited to, Settlement Administrator Costs), expenses, interest, Service Awards and  attorneys' fees related to this Action.

22.     "Net Settlement Fund" shall mean the amount available for payments to Eligible Settlement Participants, after deducting all attorneys' fees, costs, expenses, Service Awards, and Settlement Administrator Costs.

23.     "Settlement Administrator Costs" shall mean all settlement administration fees, expenses, and costs incurred by the Settlement Administrator directly or indirectly related to its duties under this Agreement, including but not limited to all fees, expenses, and costs in connection with the Global Settlement Fund and Net Settlement Fund, and those duties related to notice, check cutting and mailing, reports to counsel, court filings, legal and accounting advice relating to the

establishment of the Net Settlement Fund and tax treatment and reporting of awards to Eligible Settlement Participants, preparation of tax returns (and the taxes associated with such tax returns as defined below), calculating Settlement Awards, and any other related duties.

24. "Settlement Award" shall mean the amount of the Net Settlement Fund calculated under Paragraph 65 of this Agreement that would, or will, be paid to each Eligible Settlement Participant who becomes a Claimant.

25. "Service Award" shall mean the payment made from the Global Settlement Fund to Representative Plaintiffs for their services in bringing, and prosecuting, the Action. The Service Awards are subject to the Court's approval, and any amount that is not approved by the Court shall become part of the Net Settlement Fund.

26. "Effective Date" shall mean thirty-one (31) days after the Court's Final Order and Judgment Entry approving the Ohio Class Action Settlement.

## FACTUAL AND PROCEDURAL BACKGROUND

27. On April 23, 2018, the Representative Plaintiff Michael Wise filed this Action, alleging that Defendant violated the Fair Labor Standards Act and the Ohio overtime and prompt pay statutes by failing to pay Plaintiff and other similarly situated employees all of their overtime pay.

28. On December 21, 2018, Representative Plaintiffs filed a First Amended Class and Collective Action Complaint, adding Representative Plaintiff Donald Gentry as a Named Plaintiff and Class Representative for the FLSA Class.

29.     Defendant has denied and continues to deny that it violated any federal or state law, breached any duty, failed to pay any employees as required by the FLSA or any state law, engaged in any other unlawful conduct with respect to any of its employees, including, but not limited to, the allegations that were raised, or could have been raised, in the Action, and a *bona fide* dispute exists between the parties regarding the amount of compensation, if any, owed to the Eligible Settlement Participants.

30.     The Parties have exchanged and analyzed initial factual disclosures and timekeeping and payroll records. The Parties have also engaged experts to review the voluminous timekeeping and pay records. This document exchange enabled the Parties to understand and assess the detail and substance of their respective claims and defenses.

31.     The Parties engaged in mediation on September 4, 2018. Although the Parties did not reach a settlement at that mediation, they continued to have settlement discussions weeks after the mediation. The mediation and post-mediation discussions eventually led to a settlement being reached. The terms of the settlement are reflected in this Settlement Agreement and, subject to Court approval, will fully and finally settle, resolve, and dismiss with prejudice this dispute.

32.     It is the desire of the Parties to avoid incurring further burdens, expenses and costs of the Action, to resolve, in an amicable fashion, all matters arising out of or related to the Action and any claims that could have been raised in the Action, and to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Release Period.

33.     It is the intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement and release of the Released Claims, which release includes in its effect Defendant, all present and former owners, partners, shareholders, parent companies, subsidiaries, related entities, affiliates, divisions, successors, assigns, and the officers, directors, employees,

agents, representatives, attorneys, insurers, benefit plans, plan fiduciaries and/or administrators of each entity, and all persons acting by, through or in concert with any of them, including any party that was or could have been named as a defendant in the Action.

34.     Class Counsel has conducted a thorough investigation into the facts of the Litigation and has diligently pursued an investigation of the Plaintiffs' claims against Defendant. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendant is fair, reasonable, adequate, and is in the best interest of the Plaintiffs and Class Members, in light of all known facts and circumstances, including the risks of significant delay and continued litigation, the defenses asserted by Defendant, and the possibility that the Plaintiffs otherwise may not recover anything or may recover an amount less than provided for in this Agreement .

35.     The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement Agreement, to effectuate all aspects of this Settlement Agreement, and to dismiss the Litigation with prejudice upon final approval.  Specifically, the Parties will file with the Court a Joint Motion for Final Approval of the FLSA Collective Action Settlement and Preliminary Approval of Class Action Settlement.  If the Court grants the Final Approval of the FLSA Collective Action Settlement, the Parties agree that the Settlement Administrator will send the FLSA Settlement Notice and the FLSA Consent to Join and Release Form to the FLSA Class Members regarding the Settlement as provided herein.  If the Court grants the Preliminary Approval of the Ohio Class Action Settlement, the Parties agree that the Settlement Administrator will send the Ohio Class Action Settlement Notice to the Ohio Class Members regarding the Settlement as provided herein.

36.     The total payment under this Settlement Agreement, including but not limited to all payments to the Eligible Settlement Participants, the Class Representatives, Class Counsels' attorneys' fees and costs, the Settlement Administrator's Costs, and Service Awards to the Class Representatives, in recognition of their service in this Action and in exchange for their execution of a general mutual Settlement and Release Agreement, is Five Hundred Fifty Thousand Dollars and Zero Cents ($550,000.00) (the "Settlement Payment").   This payment does not include Defendant's share of its payroll taxes.

## CERTIFICATION OF CLASSES FOR

## SETTLEMENT PURPOSES ONLY

37.     The Parties agree and consent to the certification of the Ohio Class and the FLSA Class for settlement purposes only.  Any certification pursuant to this paragraph shall not constitute in this or any other proceeding an admission by Defendant of any kind or a determination that certification of a class or classes for trial purposes is appropriate or proper.  In the event the Court does not grant preliminary or final approval of the Settlement, the certification of the Classes shall not constitute evidence or a binding determination that the requirements for certification of a class or classes for trial purposes in this or any other action are satisfied, and Defendant expressly reserves all rights to challenge certification of a class or classes for trial purposes in this or any other action on all available grounds as if no classes had been certified in this action.

## SETTLEMENT APPROVAL PROCEDURE

38.     This Agreement will become final and effective upon occurrence of <u>all</u> of the following events:

a)      Execution of this Settlement Agreement, and of the General Settlement and Release Agreements, attached as **Exhibit E and F**, by the Class Representatives, Class Counsel, Defendant, and Defendant's Counsel.

b)      Submission to the Court of a Joint Motion for Final Approval of FLSA Settlement.

c)      Submission to the Court of a Joint Motion for Preliminary Approval of the Ohio Class Action Settlement.

d)      Entry of Orders by the Court, proposed by the Parties and attached as **Exhibits G** and **H**, granting final approval of the FLSA Collective Action Settlement and preliminary approval of the Ohio Class Action Settlement respectively, and approving the forms, content, and method of distribution of the proposed notices to Class Members, attached as **Exhibits C** and **D**, of the pendency of the FLSA Collective Action Settlement and the Ohio Class Action Settlement, the proposed settlement, and the date of the Fairness Hearing for the Ohio Class Action Settlement.

e)      Distribution of the FLSA Collective Action Settlement Notice and the Ohio Class Action Settlement Notice in the form and manner approved by the Court.

f)      Filing with the Court, prior to the Fairness Hearing, of a Declaration verifying that the Class Notice was distributed to the Class Members in the form and manner approved by the Court.

g)      Convening of the Fairness Hearing.

h)    Entry of a Final Order and Judgment Entry by the Court, granting final approval of the Ohio Class Action Settlement, approving the proposed distributions, and dismissing this Action with prejudice.

i)    Occurrence of the "Effective Date," which is defined as the date on which the Court's Final Order and Judgment Entry, granting final approval of the Ohio Class Action Settlement, approving the proposed distributions, releasing claims of the Class Representative and the Claimants, and dismissing this Action with prejudice is no longer appealable (that being the thirty-first day after service of notice of entry of judgment or, if an appeal has been filed, the date on which the Parties have received actual notice that the Class Action Settlement has received final approval after the completion of the appellate process).

j)    The Court retaining jurisdiction over this Action for the purpose of enforcing the terms of the Settlement Agreement.

## SETTLEMENT TERMS AND CONDITIONS

39.    Because the Parties agree to use their best, reasonable efforts, and to fully cooperate with each other, to implement and effectuate the terms of this Agreement, to expedite the settlement administration process, the Parties' counsel are authorized to communicate directly with the Settlement Administrator.

40.    In exchange for Released Claims, Defendant will pay each Claimant a Settlement Award, as calculated under Paragraph 65 of this Agreement.

41.    For tax purposes, the Parties agree Settlement Awards will be: (a) 50 percent taxable, wage income paid under Internal Revenue Service ("IRS") Form W-2 and subject to

ordinary payroll withholdings under federal and state law, and (b) 50 percent taxable, non-wage income paid under IRS Form 1099. Defendant will make all required employer contributions with respect to any portions of the Settlement Awards paid as wages under IRS Form W-2, and these contribution amounts will not be deducted from the Global Settlement Fund.

42.     Class Counsel may apply to the Court for a Service Award in the amount of $7,500.00 for Representative Plaintiff Michael Wise and $2,500.00 for Representative Plaintiff Donald Gentry to be paid from the Global Settlement Fund, which Defendant will not contest.

43.     Each Claimant will receive an IRS Form 1099 and Form W-2 reflecting the Settlement Award check(s) paid to him or her under this Agreement. Claimants will be responsible for any tax liability arising from the allocation of the Global Settlement Fund as attorneys' fees, costs, and expenses, Settlement Administrator Costs, Service Awards, taxable wage income, and taxable non-wage income. All payments made under this Agreement shall not be considered wages for purposes of calculating, or recalculating, benefits provided by, or to, Defendant's employees and their beneficiaries under the terms and conditions of any benefit plan maintained by Defendant for the benefit of its employees and their beneficiaries.

**ATTORNEYS' FEES, COSTS, AND EXPENSES**

44.     Class Counsel will seek an order from the Court approving the payment of their (a) fees for services, not to exceed 33 1/3% of the Global Settlement Fund, and (b) costs and litigation expenses, not to exceed a reasonable amount of costs and litigation expenses actually expended by, or on behalf of, Representative Plaintiffs and Eligible Settlement Participants.  Any attorneys' fees, costs (including court costs), and litigation expenses approved by the Court will be paid from the Global Settlement Fund. This Settlement is not conditioned upon the Court's approval of Class Counsel's petition for fees, costs, and litigation expenses in any amounts, and any amounts not

approved by the Court will revert to the Net Settlement Fund.  If the Court does not approve the Ohio Class Action Settlement, then the attorneys' fees shall not exceed 33 1/3 % of the total settlement shares for the FLSA Class Members.  If the Court does not approve the FLSA Collective Action Settlement, then the attorneys' fees shall not exceed 33 1/3 % of the total settlement shares for the Ohio Class Members.

### SETTLEMENT ADMINISTRATOR & ADMINISTRATOR COSTS

45.     The Parties agree to retain a Settlement Administrator responsible for:

a)      Issuing all funds from the Global Settlement Fund;

b)      Determining and finalizing the Settlement Awards and the tax withholding amounts and employer payroll tax amounts for Claimants, as applicable;

c)      Preparing, printing, and disseminating the Ohio Class Action Settlement Notice to Ohio Class Members and the FLSA Collective Action Settlement Notice to FLSA Class Members;

d)      Promptly apprising the Parties' counsel of the activities of the Settlement Administrator, timely responding to inquiries of the Parties or their counsel, and copying the Parties' counsel on material correspondence;

e)      Mailing Settlement checks (or other negotiable instrument) to all Claimants;

f)      Wiring Plaintiffs' Counsel's attorneys' fees, expenses, and costs;

g)      Mailing the Service Award to Representative Plaintiffs in accordance with this Agreement and Order of the Court;

h)      Issuing IRS Forms W-2, 1099, and W-9 (if required) for all payments to each Claimant, the Class Representatives, Class Counsel and the Settlement Administrator;

i)      Ascertaining current addresses and addressees' information for each Notice of Settlement returned as undeliverable;

j)      Responding to inquiries by Eligible Settlement Participants regarding the terms of Settlement;

k)      Referring to Plaintiffs' Counsel all inquiries by Eligible Settlement Participants the Settlement Administrator cannot resolve and/or which involve matters not within the Settlement Administrator's duties specified in this Agreement;

l)      Promptly notifying the Parties' counsel of any material requests or communications made by any Eligible Settlement Participants who receive a Notice of Settlement;

m)     Maintaining adequate records of its activities, including the date of the mailing of the Notices of Settlement, receipt of returned mail, and other communications, and attempted communications, with Eligible Settlement Participants, and providing the Parties' counsel with weekly reports regarding the same;

n)      Confirming, in writing to the Parties' counsel and the Court, its completion of the administration of this Settlement and retaining copies of all endorsed Settlement checks; and

o)      Such other tasks as customarily and regularly performed by a settlement administrator and as the Parties mutually agree.

46.     Settlement Administrator Costs shall be paid from the Global Settlement Fund. Any unapproved Settlement Administrator Costs will be become part of the Net Settlement Fund.

## SETTLEMENT ADMINISTRATION TIMELINE

47.     Within five business days (5) after Preliminary Approval of the Ohio Class Action settlement and Final Approval of the FLSA Collective Action Settlement, Defendant will provide the Settlement Administrator a spreadsheet containing the names, last known addresses, and Social Security Numbers of the Ohio Class Members and FLSA Class Members.  The Defendant shall identify on that spreadsheet whether each Eligible Settlement Participant is an Ohio Class Member or an FLSA Class Member.

48.     Within seven (7) business days after Preliminary Approval of the Ohio Class Action settlement and Final Approval of the FLSA Collective Action Settlement, the Settlement Administrator shall open an interest-bearing bank account, which will hold the Global Settlement Fund.

49.     Within ten (10) business days after Preliminary Approval of the Ohio Class Action settlement and Final Approval of the FLSA Collective Action Settlement, Defendant shall deposit Five Hundred and Fifty Thousand Dollars and Zero Cents ($550,000.00) into the interest-bearing bank account opened by the Settlement Administrator.

50.     Within fourteen (14) days after Preliminary Approval of the Ohio Class Action settlement and Final Approval of the FLSA Collective Action Settlement, the Settlement Administrator will calculate the Settlement Award for each Eligible Settlement Participant under the formula in Paragraph 65 of this Agreement.

51.     Within fourteen (14) days after Preliminary Approval of the Ohio Class Action settlement and Final Approval of the FLSA Collective Action Settlement, the Settlement Administrator shall mail to the Ohio Class Members the Ohio Class Action Settlement Notice and to the FLSA Class Members the FLSA Collective Action Settlement Notice.  If any of the notices

are returned as undeliverable, the Settlement Administrator will promptly attempt to locate such Eligible Settlement Participant through other reasonable and legally acceptable means, and, if located, shall promptly mail the applicable Notice of Settlement to such person. Any Notice of Settlement returned as undeliverable may be traced up to two times to obtain a new address and be re-mailed by First Class Mail. In no event shall any Notice of Settlement be mailed, or re-mailed, to any Eligible Settlement Participants by the Settlement Administrator after forty-five (45) days have elapsed from the date Notice of Settlement is initially mailed.

52. The Ohio Class Members may opt-out of the Ohio Class Action Settlement by mailing a request for exclusion to the Settlement Administrator within ninety (90) days of the initial mailing date. Persons who are eligible to and do submit a valid and timely request for exclusion will not participate in the Settlement and will not be bound by its terms.

53. The Ohio Class Members may make objections to the Ohio Class Action Settlement by submitting objections to this Settlement Agreement within ninety (90) days of the initial mailing date. Objections must be in writing, and must include a description of the basis of the objection. The objection must set forth the full name, current address, telephone number and signature of the Class Member. Any Ohio Class Member who does not serve timely written objections to the settlement shall not be permitted to present his or her objections to the settlement at the Final Approval Hearing and shall be foreclosed from seeking review of the settlement by appeal or otherwise.

54. In order to receive a payment under this Settlement, FLSA Class Members must opt into the FLSA Settlement by properly signing and returning the FLSA Consent to Join and Release Form to the Settlement Administrator within ninety (90) days of the mailing date. The Consent and Release Form must be signed electronically (eSigned) via PDF, postmarked, faxed,

or emailed to the Settlement Administrator within, or by any other deadline established by the Court.

55.     Within one hundred twenty (120) days after mailing of the Ohio Class Action Notice, the Parties will file a Joint Motion for Final Approval of the Ohio Class Action settlement.

56.     Within one hundred twenty (120) days after mailing of the Ohio Class Action Settlement Notice, Plaintiffs' Counsel will file a Declaration verifying that the Ohio Class Action Settlement Notice was distributed, and the Parties will submit the proposed estimated schedule of settlement payments to the Court and an updated version of the proposed Final Order and Judgment Entry.

57.     Within twenty-one days following the Effective Date, the Settlement Administrator shall mail to Claimants their Settlement Awards. If possible, the Settlement Administrator will issue each Claimant one single check representing the total amount of his or her Settlement Award by combining the wage and non-wage portions of his or her Settlement Award. In accordance with the withholding and reporting requirements set forth in this Agreement, the Settlement Administrator shall report the wage income payments to the IRS on IRS Form W-2 and shall report the non-wage income on IRS Form 1099.

58.     Within twenty-one days following the Effective Date, the Settlement Administrator shall wire to Class Counsel their attorneys' fees, costs and expenses as set forth in Paragraph 44 and approved by the Court.

**GLOBAL SETTLEMENT FUND & TAXES**

59.     The Global Settlement Fund will be established as a "Qualified Settlement Fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, the Treas.

Reg. Section 1.468B-1, *et seq.,* and shall be administered by the Settlement Administrator, subject to the ultimate authority of the Court.

60.     The Settlement Administrator shall serve as Trustee of the Global Settlement Fund and shall act as a fiduciary with respect to the handling, management, and distribution of the Global Settlement Fund, including the handling of tax-related issues and payments. The Settlement Administrator shall act in a manner necessary to qualify the Global Settlement Fund as a Qualified Settlement Fund and to maintain that qualification. The Parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment. The Parties agree to any relation-back election required to treat the Global Settlement Fund as a Qualified Settlement Fund from the earliest possible date.

61.     The Parties recognize the wage and non-wage awards to the Representative Plaintiffs and Claimants will be subject to applicable tax withholding and reporting and employer payroll taxes. The Settlement Administrator shall calculate the employer's share of payroll taxes related to Settlement Award payments treated as wage income and, upon receipt of that calculation, Defendant will, as directed by the Settlement Administrator, deposit into the interest-bearing bank account opened by the Settlement Administrator a payment separate from the Global Settlement Fund to pay the employer's share of payroll taxes related to Settlement Award payments treated as wage income.

62.     All taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Global Settlement Fund, if any, including any taxes or tax detriments that may be imposed on Defendant with respect to income earned for any period during which the Global Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal and state income tax purposes (hereinafter "Settlement Fund Taxes"), and expenses and costs incurred in

connection with the operation and implementation of this paragraph (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) any returns described herein or otherwise required to be filed pursuant to applicable authorities) (hereinafter "Settlement Fund Tax Expenses") shall be paid out of the Global Settlement Fund. Further, Settlement Fund Taxes and Settlement Fund Tax Expenses shall be treated as a cost of the administration of the Global Settlement Fund. The Parties agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions set forth in this Section.

63.      The Settlement Administrator shall satisfy all federal, state, local, and other reporting requirements (including any applicable reporting with respect to attorneys' fees and other costs subject to reporting) and shall pay from the Global Settlement Fund any and all taxes, as well as any other obligations with respect to the payments or distributions not otherwise addressed in this Agreement.

64.      The Representative Plaintiffs, on behalf of themselves and the Claimants, acknowledge and agree that they have not relied upon any advice from Defendant as to the allocation and taxability of the payments received under this Agreement and they are responsible for any personal tax liability arising from the allocation and of, and payment from, the Global Settlement Fund as attorneys' fees, costs and expenses, Service Awards, taxable wage income, and taxable non-wage income

## SETTLEMENT AWARD CALCULATION

65.      The Settlement Administrator shall determine the amount of each Eligible Settlement Participant's Settlement Award, which shall be his or her *pro rata* share of the Net Settlement Fund based on the number of workweeks worked by the Eligible Settlement Participant

during the period of July 1, 2015 to July 1, 2018 in comparison to the total number of workweeks worked by all Eligible Settlement Participants during the period of July 1, 2015 to July 1, 2018.

## REMAINDER OF THE GLOBAL SETTLEMENT FUND

66.     Any funds from the Global Settlement Fund that are not distributed to the FLSA Class Members shall be returned to the Defendant.  Any funds from the Global Settlement Fund that are not distributed to the Ohio Class Members shall be redistributed to the Ohio Class Members who did not opt-out of the Ohio Class Action Settlement.

67.     All Settlement Award checks that are not negotiated by a Claimant within 180 days of date issuance shall be null and void, and the associated funds shall be returned to the Defendant.

68.     The Parties agree that any funds remaining in the interest-bearing bank account holding the Global Settlement Fund two hundred (200) days after the issuance of Settlement Award checks shall be returned to the Defendant.

## RELEASES AND RELEASED CLAIMS

69.     Upon the Effective Date, and except as to such rights or claims as may be created by this Settlement Agreement, the Class Representatives, and the Claimants fully release and discharge Defendant and all present and former owners, partners, shareholders, parent companies, subsidiaries, related entities, affiliates, divisions, predecessors, successors, assigns, and the shareholders, officers, directors, employees, agents, affiliates, representatives, attorneys, insurers, benefit plans, plan fiduciaries and/or administrators of each entity, and all persons acting by, through or in concert with any of them, including any party that was or could have been named as a defendant in the Action ("Released Parties") from any and all Released Claims as hereafter defined.  The "Released Claims" shall consist of any and all claims for wages, compensation, benefits or damages, that relate to or arise out of Defendant's alleged failure to pay overtime

18

compensation ,including all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, including, but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, statutory damages or penalties, punitive damages, interest, attorneys' fees, and expenses pursuant to the Fair Labor Standards Act, any and all applicable state laws, including but not limited Ohio and Indiana laws, statutes, ordinances, regulations and common law, in equity or otherwise, whether such claims are known or unknown, asserted or unasserted,  through the Release Period.  The Release Period shall mean the period of time between April 23, 2015 and the date the Court enters Final Approval of the Ohio Class Action Settlement.

70.      The payment of attorneys' fees and expenses to Class Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action.   In consideration of these attorneys' fees and expenses, Class Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action.  If any Eligible Settlement Participant chooses to be represented by his or her own lawyer in this Action, they must hire one at their own expense.

71.      The "Released Period" shall mean the period between April 23, 2015 and the date the Court enters final approval of the Class Action Settlement.

## VOIDING THE SETTLEMENT AGREEMENT

72.      If the Court does not approve this Settlement Agreement, the entire Settlement Agreement will be void and unenforceable and the litigation will proceed forward.

73.      To the extent this Settlement Agreement is determined to be void by the Court, or the Effective Date does not occur for any reason, Defendant does not waive, but rather expressly reserves, all rights to challenge any and all claims and allegations asserted by the Class

Representatives in the Action upon all procedural and substantive grounds, including without limitation the ability to challenge class action treatment on any grounds and to assert any and all other potential defenses or privileges. The Class Representatives and Class Counsel agree that Defendant retains and reserves these rights, and they agree not to take a position to the contrary. Specifically, the Class Representatives and Class Counsel agree that, if the Action were to proceed, they will not argue or present any argument, and hereby waive any argument that, based on the settlement or this Settlement Agreement or any exhibit and attachment hereto, or any act performed or document executed pursuant to or in furtherance of the settlement or this Settlement Agreement, Defendant should be barred from contesting class action certification, or from asserting any and all other potential defenses and privileges. This Agreement shall not be deemed an admission by, or ground for estoppel against Defendant that class action treatment pursuant to Federal Rule of Civil Procedure 23 or on any other basis is proper or cannot be contested on any other grounds. However, the Parties expressly agree that the statute of limitations is tolled up to and including the date the Settlement Agreement is determined void by the Court, or the Effective Date does not occur for any reason.

## PARTIES' AUTHORITY

74.     The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions. The Class Representatives represent that they are authorized to enter into this Settlement Agreement in both their individual and representative capacities.

## MUTUAL AND FULL COOPERATION

75.     The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents as may reasonably be

necessary to implement the terms of this Agreement.  The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Courts, or otherwise, to effectuate this Settlement Agreement.  As soon as practicable after execution of this Settlement Agreement, Counsel of the parties shall take all necessary steps to secure the Courts' final approval of this Settlement Agreement.

## SEVERABILITY

76.     If, after the occurrence of the Effective Date, any provision of this Agreement is for any reason held to be invalid or unenforceable, such provision shall not affect any other provision hereof, but this Agreement shall be construed as if such invalid and/or unenforceable provision had never been contained herein.

## NO ADMISSION OF LIABILITY

77.     Each of the Parties has entered into this Settlement Agreement solely to compromise and resolve highly disputed claims based on disputed facts and allegations and to avoid the costs and risks of litigation.  Neither the fact of this Settlement Agreement nor any of its parts, nor the consummation of this Settlement Agreement, shall be construed as an admission of any kind or a determination of unlawful activity or failure to comply with the law in any respect, wrongdoing, liability, culpability, and/or negligence on the part of any Party, or that any fact or allegation asserted by any Party was true, or that certification of a class or classes for trial purposes is appropriate or proper. This Settlement, and the fact that the Plaintiffs and Defendant were willing to settle the Action will have no bearing on, and will not be admissible in connection with any litigation other than solely in connection with, and as specified in this Settlement Agreement.

78.    Whether or not there is a Preliminary or Final Approval Order, neither the Settlement, this Agreement, nor any documents, statements, proceedings, or conduct related to the Settlement or this Agreement will be disclosed, referred to, or offered into evidence against any of the Released Parties in any further proceeding in the Action or in any other civil, criminal, or administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Agreement.

## NOTICES

79.    Unless otherwise specifically provided, all notices, demands or other communications in connection with this Settlement Agreement shall be: (1) in writing; (2) deemed given on the third business day after mailing; and (3) sent via email, facsimile, or United States registered or certified mail, return receipt requested, addressed as follows:

To the Representative Plaintiffs and/or the Class Members:

Hans A. Nilges
Shannon M. Draher
NILGES DRAHER LLC
7266 Portage Street, N.W.
Suite D
Massillon, Ohio  44646
Telephone:  330-470-4428
Facsimile:  330-754-1430
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

To Defendant:

Peggy J. Schmitz
Kimberly L. Hall
CRITCHFIELD, CRITCHFIELD &
JOHNSTON, LTD.
225 N. Market St.
Wooster, Ohio 44691

Telephone:  330-364-4444
Facsimile: 330-263-9278
schmitz@ccj.com
khall@ccj.com

## CONSTRUCTION AND INTERPRETATION

80.     The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, and arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Agreement.

81.     Paragraph titles are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any of its provisions.  Each term of this Settlement Agreement is contractual and not merely a recital.

82.     This Settlement Agreement shall be subject to and governed by the laws of the State of Ohio.

## JURISDICTION

83.     The Parties will request that the District Court retain jurisdiction to enforce the terms of the Settlement Agreement.

## MODIFICATION

84.     This Settlement Agreement may not be changed, altered or modified, except in writing, signed by counsel for the Parties, and approved by the Court.  This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties.  Notwithstanding the foregoing sentences, without further Order of the

Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Settlement Agreement.

## INTEGRATION CLAUSE

85.    With the exception of the Settlement and Release Agreements between Defendant and Class Representatives, this Settlement Agreement, and the Exhibits hereto, contain the entire agreement between the Parties relating to any and all matters addressed in the Settlement Agreement (including settlement of the Litigation), and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, with respect to such matters are extinguished.

## BINDING ON ALL PARTIES

86.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## COUNTERPARTS

87.    This Settlement may be executed in counterparts, and may be signed electronically via PDF.  When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.  Electronic and facsimile transmissions of this Settlement shall be deemed originals.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:


_____          Date:  _____
DONALD GENTRY
On behalf of himself and the FLSA Class




_____          Date:  _____
MICHAEL WISE
On behalf of himself and the Ohio Class




_____          Date:  _____
PRECISION PRODUCTS GROUP, INC.

By:_____

Its:_____

|   | A | B | C | D |
|---|---|---|---|---|
| 1 | **Date Range** | 7/1/2015 - 7/1/2018 | | |
| 2 | **Employment Profile - Effective Date** | Effective as of 12/20/2018 | | |
| 3 | **Employment Profile - Pay Rates - Effective Date** | Effective as of 12/20/2018 | | |
| 4 | **Payroll Name** | **FLSA Description** | **Regular Pay Rate Code** | **Worked In State Tax Code** |
| 5 | Abdellah, Mohamed | Non-exempt | H | OH |
| 6 | Amos, Ginger | Non-exempt | H | OH |
| 7 | Angelo, Don | Non-exempt | H | OH |
| 8 | Anshutz, Derrick | Non-exempt | H | OH |
| 9 | Austin, Christopher | Non-exempt | H | OH |
| 10 | Baer, Lee | Non-exempt | H | OH |
| 11 | Baker, Joshua | Non-exempt | H | OH |
| 12 | Baker, Michelle L | Non-exempt | H | OH |
| 13 | Ballew, Katherine | Non-exempt | H | OH |
| 14 | Barnes, Stephanie A | Non-exempt | H | OH |
| 15 | Betleyon, David | Non-exempt | H | OH |
| 16 | Birchfield, Molly | Non-exempt | H | OH |
| 17 | Black, Melinda C | Non-exempt | H | OH |
| 18 | Blair, Hope | Non-exempt | H | OH |
| 19 | Books, Laberta A | Non-exempt | H | OH |
| 20 | Brigham, Shawn | Non-exempt | H | OH |
| 21 | Brown, Christopher W | Non-exempt | H | OH |
| 22 | Bryant, Katelyn | Non-exempt | H | OH |
| 23 | Bucher, Charlene | Non-exempt | H | OH |
| 24 | Bunce, Robert | Non-exempt | H | OH |
| 25 | Carney, Pamela | Non-exempt | H | OH |
| 26 | Carr, Felicia | Non-exempt | H | OH |
| 27 | Carr, Veronica | Non-exempt | H | OH |
| 28 | Cherry, Ryan | Non-exempt | H | OH |
| 29 | Coburn, Mark | Non-exempt | H | OH |
| 30 | Coffman II, Thomas | Non-exempt | H | OH |
| 31 | Coleman, Keith | Non-exempt | H | OH |
| 32 | Cox, Angela | Non-exempt | H | OH |
| 33 | Crawford, Allen | Non-exempt | H | OH |
| 34 | DeVault, Travis A | Non-exempt | H | OH |
| 35 | Dillon, Raven | Non-exempt | H | OH |
| 36 | Dotson, Larry | Non-exempt | H | OH |
| 37 | Duskey, Lorna | Non-exempt | H | OH |
| 38 | Edsall, Daniel C | Non-exempt | H | OH |
| 39 | Ellsworth, Eric | Non-exempt | H | OH |
| 40 | Emick, Jason | Non-exempt | H | OH |
| 41 | Everhart, Kyle | Non-exempt | H | OH |
| 42 | Falb, Teresa | Non-exempt | H | OH |
| 43 | Fencsik, Susan | Non-exempt | H | OH |
| 44 | Fishburn, Denise J | Non-exempt | H | OH |

EXHIBIT A

|  | A | B | C | D |
|---|---|---|---|---|
| 1 | **Date Range** | 7/1/2015 - 7/1/2018 | | |
| 2 | **Employment Profile - Effective Date** | Effective as of 12/20/2018 | | |
| 3 | **Employment Profile - Pay Rates - Effective Date** | Effective as of 12/20/2018 | | |
| 4 | **Payroll Name** | **FLSA Description** | **Regular Pay Rate Code** | **Worked In State Tax Code** |
| 45 | Fogle, Kasie | Non-exempt | H | OH |
| 46 | Foll Jr, William | Non-exempt | H | OH |
| 47 | Fosdick, Nolan R | Non-exempt | H | OH |
| 48 | Foster, Subrena E | Non-exempt | H | OH |
| 49 | Franklin, Michael | Non-exempt | H | OH |
| 50 | French, Lisa | Non-exempt | H | OH |
| 51 | Frontz, Brianna | Non-exempt | H | OH |
| 52 | Fry, Cassandra | Non-exempt | H | OH |
| 53 | Fry, Wendy J | Non-exempt | H | OH |
| 54 | Gaoa, Mulufua | Non-exempt | H | OH |
| 55 | Gierum, Kyle | Non-exempt | H | OH |
| 56 | Giroux, Richard | Non-exempt | H | OH |
| 57 | Goham IV, Edmund J | Non-exempt | H | OH |
| 58 | Graybill, Stephanie L | Non-exempt | H | OH |
| 59 | Greegor, Brett | Non-exempt | H | OH |
| 60 | Greegor, David | Non-exempt | H | OH |
| 61 | Groves, Jared William | Non-exempt | H | OH |
| 62 | Gurr, Megan | Non-exempt | H | OH |
| 63 | Harr, Alexander | Non-exempt | H | OH |
| 64 | Harrington, Lacey Jo | Non-exempt | H | OH |
| 65 | Haskins, Brian | Non-exempt | H | OH |
| 66 | Haskins, Christina | Non-exempt | H | OH |
| 67 | Hickman, Shania Ann | Non-exempt | H | OH |
| 68 | Holston, Michelle | Non-exempt | H | OH |
| 69 | Hoover, Patricia Ann | Non-exempt | H | OH |
| 70 | Huddleston, Larry | Non-exempt | H | OH |
| 71 | Hughes, Melissa | Non-exempt | H | OH |
| 72 | Hutson III, Christopher A | Non-exempt | H | OH |
| 73 | Johnson, Susan | Non-exempt | H | OH |
| 74 | Jones, Andrea | Non-exempt | H | OH |
| 75 | Jones, Dustin | Non-exempt | H | OH |
| 76 | Kaser, Sherry | Non-exempt | H | OH |
| 77 | Kashien, Joseph | Non-exempt | H | OH |
| 78 | King, Marsha | Non-exempt | H | OH |
| 79 | Leavens, William D | Non-exempt | H | OH |
| 80 | Lewis, Marc | Non-exempt | H | OH |
| 81 | Martin, Linda | Non-exempt | H | OH |
| 82 | Mason, Tamara | Non-exempt | H | OH |
| 83 | May, Aimee | Non-exempt | H | OH |
| 84 | May, Joshua | Non-exempt | H | OH |

| | A | B | C | D |
|---|---|---|---|---|
| 1 | **Date Range** | 7/1/2015 - 7/1/2018 | | |
| 2 | **Employment Profile - Effective Date** | Effective as of 12/20/2018 | | |
| 3 | **Employment Profile - Pay Rates - Effective Date** | Effective as of 12/20/2018 | | |
| 4 | **Payroll Name** | **FLSA Description** | **Regular Pay Rate Code** | **Worked In State Tax Code** |
| 85 | McConahay, Renee | Non-exempt | H | OH |
| 86 | McDaniel, Terry J | Non-exempt | H | OH |
| 87 | McIntyre, Shawn | Non-exempt | H | OH |
| 88 | Merckle, David | Non-exempt | H | OH |
| 89 | Merckle, Sandra | Non-exempt | H | OH |
| 90 | Middleton, Michael | Non-exempt | H | OH |
| 91 | Miller Jr., William | Non-exempt | H | OH |
| 92 | Miller, Dustin R. | Non-exempt | H | OH |
| 93 | Miller, Dustine | Non-exempt | H | OH |
| 94 | Miller, Greg | Non-exempt | H | OH |
| 95 | Miller, Robin L | Non-exempt | H | OH |
| 96 | Miller, Vickie | Non-exempt | H | OH |
| 97 | Mitchell, Nicholas C | Non-exempt | H | OH |
| 98 | Morrison, Michael | Non-exempt | H | OH |
| 99 | Neider, Dylan M | Non-exempt | H | OH |
| 100 | Neider, Lisa | Non-exempt | H | OH |
| 101 | Nicoletti Jr, Mark A | Non-exempt | H | OH |
| 102 | Nicoletti Sr, Mark | Non-exempt | H | OH |
| 103 | Nicoletti, Matt A | Non-exempt | H | OH |
| 104 | Nisley, Abner | Non-exempt | H | OH |
| 105 | Nisley, Eli M | Non-exempt | H | OH |
| 106 | Nisley, Katie | Non-exempt | H | OH |
| 107 | Nisley, Leon | Non-exempt | H | OH |
| 108 | Nisley, Mose | Non-exempt | H | OH |
| 109 | Nisley, William | Non-exempt | H | OH |
| 110 | Osborne Trivette, Rebekah | Non-exempt | H | OH |
| 111 | Pertee, Melissa | Non-exempt | H | OH |
| 112 | Pesho, Melinda | Non-exempt | H | OH |
| 113 | Piatt, Timothy J | Non-exempt | H | OH |
| 114 | Planisek, William | Non-exempt | H | OH |
| 115 | Redfern, Rita | Non-exempt | H | OH |
| 116 | Reed, Crystal | Non-exempt | H | OH |
| 117 | Rogers, Austin | Non-exempt | H | OH |
| 118 | Rogers, Melissa | Non-exempt | H | OH |
| 119 | Rouse, Thomas K | Non-exempt | H | OH |
| 120 | Royse, Joshua | Non-exempt | H | OH |
| 121 | Rule, Carrie Suzzane | Non-exempt | H | OH |
| 122 | Sammons, Brenda | Non-exempt | H | OH |
| 123 | Sampsel, Adrian | Non-exempt | H | OH |
| 124 | Sarchett, Joel | Non-exempt | H | OH |

| | A | B | C | D |
|---|---|---|---|---|
| 1 | **Date Range** | 7/1/2015 - 7/1/2018 | | |
| 2 | **Employment Profile - Effective Date** | Effective as of 12/20/2018 | | |
| 3 | **Employment Profile - Pay Rates - Effective Date** | Effective as of 12/20/2018 | | |
| 4 | **Payroll Name** | **FLSA Description** | **Regular Pay Rate Code** | **Worked In State Tax Code** |
| 125 | Schalmo, Ryan | Non-exempt | H | OH |
| 126 | Seely, Chris | Non-exempt | H | OH |
| 127 | Shear, Christina D | Non-exempt | H | OH |
| 128 | Simon, James | Non-exempt | H | OH |
| 129 | Simon, Robert | Non-exempt | H | OH |
| 130 | Skufca, Collin | Non-exempt | H | OH |
| 131 | Slabaugh, Pamela | Non-exempt | H | OH |
| 132 | Slayton, Charlotte | Non-exempt | H | OH |
| 133 | Smith, Debora | Non-exempt | H | OH |
| 134 | Smith, Kayla | Non-exempt | H | OH |
| 135 | Smith, Patricia | Non-exempt | H | OH |
| 136 | Smith, TIm R | Non-exempt | H | OH |
| 137 | Snider, Anthony | Non-exempt | H | OH |
| 138 | Snure, Lynn | Non-exempt | H | OH |
| 139 | Soto Jr, Manuel Ben | Non-exempt | H | OH |
| 140 | Spark, James | Non-exempt | H | OH |
| 141 | Still, Jason | Non-exempt | H | OH |
| 142 | Stoller, Kimberly | Non-exempt | H | OH |
| 143 | Susco, Brian | Non-exempt | H | OH |
| 144 | Swartzentruber, Barbara L | Non-exempt | H | OH |
| 145 | Syhabandith, Khankeo | Non-exempt | H | OH |
| 146 | Taylor, Danielle A | Non-exempt | H | OH |
| 147 | Taylor, Iman G | Non-exempt | H | OH |
| 148 | Tedrow III, Benjamin | Non-exempt | H | OH |
| 149 | Terrell, George | Non-exempt | H | OH |
| 150 | Tullis, John | Non-exempt | H | OH |
| 151 | Walker, Rose | Non-exempt | H | OH |
| 152 | Ward, Jeremy | Non-exempt | H | OH |
| 153 | Webb, Reta | Non-exempt | H | OH |
| 154 | White, Laura A | Non-exempt | H | OH |
| 155 | Whitmyer, Bonnie J | Non-exempt | H | OH |
| 156 | Wiggins, Christina L | Non-exempt | H | OH |
| 157 | Williams, Julia | Non-exempt | H | OH |
| 158 | Wilson, Marcella | Non-exempt | H | OH |
| 159 | Wise, Michael | Non-exempt | H | OH |
| 160 | Yerian, Quinna | Non-exempt | H | OH |
| 161 | Yockey, Jennifer | Non-exempt | H | OH |
| 162 | Yoder, Norman | Non-exempt | H | OH |
| 163 | Yoder, Rachael | Non-exempt | H | OH |
| 164 | Young, Lynn | Non-exempt | H | OH |

|   | A | B | C | D |
|---|---|---|---|---|
| 1 | **Date Range** | 7/1/2015 - 7/1/2018 | | |
| 2 | **Employment Profile - Effective Date** | Effective as of 12/20/2018 | | |
| 3 | **Employment Profile - Pay Rates - Effective Date** | Effective as of 12/20/2018 | | |
| 4 | **Payroll Name** | **FLSA Description** | **Regular Pay Rate Code** | **Worked In State Tax Code** |
| 165 | Ziegler, Ryan G | Non-exempt | H | OH |
| 166 | Zimmerman SR, James | Non-exempt | H | OH |
| 167 | deVries, Brenden Lee | Non-exempt | H | OH |
| 168 | | | Count | 163 |

| | A | B | C | D |
|---|---|---|---|---|
| 1 | **Date Range** | 7/1/2015 - 7/1/2018 | | |
| 2 | **Employment Profile - Effective Date** | Effective as of 12/20/2018 | | |
| 3 | **Employment Profile - Pay Rates - Effective Date** | Effective as of 12/20/2018 | | |
| 4 | **Payroll Name** | **FLSA Description** | **Regular Pay Rate Code** | **Worked In State Tax Code** |
| 5 | Arrington, Damion D | Non-exempt | H | IN |
| 6 | Bacon, Terry J | Non-exempt | H | IN |
| 7 | Barrand, Patricia R | Non-exempt | H | IN |
| 8 | Bates, Andrea J | Non-exempt | H | IN |
| 9 | Bates, Diante M | Non-exempt | H | IN |
| 10 | Black, Leah | Non-exempt | H | IN |
| 11 | Braden, Dontrell L | Non-exempt | H | IN |
| 12 | Brennenstuhl, Daniel L. | Non-exempt | H | IN |
| 13 | Brown, Charles Allen | Non-exempt | H | IN |
| 14 | Brown, DiQuann | Non-exempt | H | IN |
| 15 | Calhoun, Willie Z | Non-exempt | H | IN |
| 16 | Cameron, Donnie M | Non-exempt | H | IN |
| 17 | Caskey, Michael B. | Non-exempt | H | IN |
| 18 | Chinnis, Midalys E | Non-exempt | H | IN |
| 19 | Choka, Dimitri E | Non-exempt | H | IN |
| 20 | Choka, Sean M | Non-exempt | H | IN |
| 21 | Coleman, Melvin | Non-exempt | H | IN |
| 22 | Conway, Jennifer Lynn | Non-exempt | H | IN |
| 23 | Cornett, Cody S | Non-exempt | H | IN |
| 24 | Daring, Dennis R | Non-exempt | H | IN |
| 25 | Dube, Joshua J | Non-exempt | H | IN |
| 26 | Elsner, Phillip K | Non-exempt | H | IN |
| 27 | Ford, Jennifer | Non-exempt | H | IN |
| 28 | France, Donna E | Non-exempt | H | IN |
| 29 | Franks, Lyle D | Non-exempt | H | IN |
| 30 | Freemon, Larry L | Non-exempt | H | IN |
| 31 | Gentry, Donald R | Non-exempt | H | IN |
| 32 | Gephart, Robin D | Non-exempt | H | IN |
| 33 | Gonzalez-Castro, Helga | Non-exempt | H | IN |
| 34 | Green, Joyce A | Non-exempt | H | IN |
| 35 | Hamlet, Quianna Q | Non-exempt | H | IN |
| 36 | Harber, Don | Non-exempt | H | IN |
| 37 | Harber, Joseph L | Non-exempt | H | IN |
| 38 | Harris, Jeffrey A | Non-exempt | H | IN |
| 39 | Hollis, Rae | Non-exempt | H | IN |
| 40 | Holmes, Jennifer C | Non-exempt | H | IN |
| 41 | Howe, Chad | Non-exempt | H | IN |
| 42 | Irelan, Trenton | Non-exempt | H | IN |
| 43 | Jansen, Katherine S. | Non-exempt | H | IN |
| 44 | Johnson, Willie | Non-exempt | H | IN |

EXHIBIT B

| | A | B | C | D |
|---|---|---|---|---|
| 1 | **Date Range** | 7/1/2015 - 7/1/2018 | | |
| 2 | **Employment Profile - Effective Date** | Effective as of 12/20/2018 | | |
| 3 | **Employment Profile - Pay Rates - Effective Date** | Effective as of 12/20/2018 | | |
| 4 | **Payroll Name** | **FLSA Description** | **Regular Pay Rate Code** | **Worked In State Tax Code** |
| 45 | Jones, Kaelynn E | Non-exempt | H | IN |
| 46 | Kaiser, Ian K | Non-exempt | H | IN |
| 47 | Kauffman, Peter | Non-exempt | H | IN |
| 48 | King, Johnny | Non-exempt | H | IN |
| 49 | Koenemann, Dustin L | Non-exempt | H | IN |
| 50 | Ladig, Nancy M | Non-exempt | H | IN |
| 51 | Lipsey, Paris | Non-exempt | H | IN |
| 52 | Long, John L | Non-exempt | H | IN |
| 53 | Lucas, Roderick A | Non-exempt | H | IN |
| 54 | Luna, Roman | Non-exempt | H | IN |
| 55 | Makic, Saira | Non-exempt | H | IN |
| 56 | Martinez, Daniel | Non-exempt | H | IN |
| 57 | Maughmer, Phillip | Non-exempt | H | IN |
| 58 | McBride, Dionta H. | Non-exempt | H | IN |
| 59 | McCluskey, Robert | Non-exempt | H | IN |
| 60 | McCune, Peggy | Non-exempt | H | IN |
| 61 | Mendoza Jr., Samuel | Non-exempt | H | IN |
| 62 | Michael, Jamie L | Non-exempt | H | IN |
| 63 | Miller Jr, Urban A | Non-exempt | H | IN |
| 64 | Miller, Donald | Non-exempt | H | IN |
| 65 | Moore, Brent | Non-exempt | H | IN |
| 66 | Nodine, Andrew B. | Non-exempt | H | IN |
| 67 | Norfleet, DeMarcus R | Non-exempt | H | IN |
| 68 | Offord, Joyce E | Non-exempt | H | IN |
| 69 | Offord, Kenneth C | Non-exempt | H | IN |
| 70 | Payne, John H | Non-exempt | H | IN |
| 71 | Pelz, Michelle M | Non-exempt | H | IN |
| 72 | Perry, Damon D | Non-exempt | H | IN |
| 73 | Philpot, Carlton | Non-exempt | H | IN |
| 74 | Pifer, Christopher l | Non-exempt | H | IN |
| 75 | Pliett, Albert M | Non-exempt | H | IN |
| 76 | Pliett, Cody | Non-exempt | H | IN |
| 77 | Powell, John | Non-exempt | H | IN |
| 78 | Powell, Misty L | Non-exempt | H | IN |
| 79 | Reina, Zara G | Non-exempt | H | IN |
| 80 | Rench, Brenda L | Non-exempt | H | IN |
| 81 | Roberts, Debra L | Non-exempt | H | IN |
| 82 | Robinson, Jeffery M. | Non-exempt | H | IN |
| 83 | Sarazen, Richard F | Non-exempt | H | IN |
| 84 | Scheckel, Joseph A | Non-exempt | H | IN |

|  | A | B | C | D |
|---|---|---|---|---|
| 1 | **Date Range** | 7/1/2015 - 7/1/2018 | | |
| 2 | **Employment Profile - Effective Date** | Effective as of 12/20/2018 | | |
| 3 | **Employment Profile - Pay Rates - Effective Date** | Effective as of 12/20/2018 | | |
| 4 | **Payroll Name** | **FLSA Description** | **Regular Pay Rate Code** | **Worked In State Tax Code** |
| 85 | Silcox, James | Non-exempt | H | IN |
| 86 | Slusher, Michele Lee | Non-exempt | H | IN |
| 87 | Smith, Nicholas A | Non-exempt | H | IN |
| 88 | Smith, Robyn | Non-exempt | H | IN |
| 89 | Sowder, Joe K | Non-exempt | H | IN |
| 90 | Spieth, Katie N | Non-exempt | H | IN |
| 91 | Spinks, Curtis Emory | Non-exempt | H | IN |
| 92 | Starry, James | Non-exempt | H | IN |
| 93 | Stevenson, La Wone | Non-exempt | H | IN |
| 94 | Taylor, Jordan M | Non-exempt | H | IN |
| 95 | Torrijos, Julia A. | Non-exempt | H | IN |
| 96 | Van Camp, Trisha L | Non-exempt | H | IN |
| 97 | Vickery, Ryan N | Non-exempt | H | IN |
| 98 | Walburn, Tristan | Non-exempt | H | IN |
| 99 | Walker, Hattie E | Non-exempt | H | IN |
| 100 | Walton, Terrance L | Non-exempt | H | IN |
| 101 | Whitlock, Tyrone | Non-exempt | H | IN |
| 102 | Williams, Danyelle A | Non-exempt | H | IN |
| 103 | Williams, Kyle M | Non-exempt | H | IN |
| 104 | Wilms-Chandler, Ianna M | Non-exempt | H | IN |
| 105 | Wimes, Elizabeth A | Non-exempt | H | IN |
| 106 | Wood, Melyssa | Non-exempt | H | IN |
| 107 | Zimmerman, Shaun | Non-exempt | H | IN |
| 108 | | | Count | 103 |

<mark>[DATE]</mark>

### NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION
### AND FAIRNESS HEARING

**TO:**          **All current and formerly hourly employees of Precision Products Group, Inc. ("PPG") that worked for PPG in Ohio and who worked forty or more hours in any workweek during the period of July 1, 2015 to July 1, 2018.**

**FROM:**      **Judge Adams, United States District Court for the Northern  District of Ohio.**

**RE:**          **Proposed Settlement in *Michael Wise, et al. v. Precision Products Group, Inc.,* Case No. 5:18-cv-00926 ("Lawsuit").**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **YOU CAN DO NOTHING** | **If you do nothing, you will be eligible to receive a monetary payment under the settlement if it is approved.** You give up your rights to sue the Defendant as part of another lawsuit over the claims resolved by this settlement. |
| **YOU CAN ASK TO BE EXCLUDED** | If you ask to be excluded, you will not be eligible to receive a payment under the settlement.  You may not object.  You may sue the Defendant as part of another lawsuit over the claims resolved by this settlement. |
| **YOU CAN OBJECT** | You can write the Court about why you don't agree with the settlement.  If you object, you will still be eligible to receive a payment under the settlement if it is approved. |
| **YOU CAN GO TO A HEARING** | If you do not ask to be excluded, you can ask to speak in Court about the settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  Monetary payments under the settlement will only become available if the Court approves the settlement and the settlement becomes final.  Please be patient.

- Your legal rights are affected whether you act or don't act.  Read this Notice carefully.

EXHIBIT C

BASIC INFORMATION

**1. Why was this Notice issued?**

This Notice informs you of the Court's preliminary approval of a proposed settlement of a class action lawsuit, advises you of your rights as a Class Member, and tells you how to receive a share of the settlement funds. Please read this Notice carefully.  The proposed settlement affects your legal rights.

**2. What is this Lawsuit about?**

The Lawsuit was filed against Defendant Precision Products Group, Inc. ("Defendant") as a collective and class action on April 23, 2018, under the Fair Labor Standards Act ("FLSA") and Ohio Minimum Fair Wage Standards Act ("OMFWSA").  The Representative Plaintiffs are Michael Wise and Donald Gentry.

The Lawsuit alleges that Defendant violated the FLSA and OMFWSA by failing to pay the Representative Plaintiffs and its hourly employees all of their overtime compensation.  Specifically, Representative Plaintiffs alleged that Defendant had a companywide policy of docking its hourly employees' pay in 15-minute increments for late arrivals and rounding its employees' clock-in and clock-out times in a manner in which the employees always lose credit for time actually worked.

Defendant denies these claims and believes it has properly paid its employees.

**3. Why is this a class action?**

In a class action, a person called a "Class Representative" sues on behalf of people who the Court determines have similar claims.  All these people are a "Class" or "Class Members."  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**4. Why is there a settlement?**

The Court did not decide in favor of the Plaintiffs or Defendant. Instead, both sides agreed to settle this case to avoid the cost, time, and uncertainty of further litigation. The Court has granted preliminary approval of the settlement. The settlement does not mean that any law was broken or that Defendant did anything wrong. Defendant denies all legal claims in this case, but decided that its resources are better directed to resolving this matter now so that it can fully focus on its business operations. The Class Representatives and their attorneys think the settlement is best for all Class Members.

WHO IS IN THE SETTLEMENT

**5. How do I know if I am part of the settlement?**

All Class Members are part of the settlement, unless they exclude themselves from the settlement.  Class Members include all current and formerly hourly employees of Precision Products Group, Inc. ("PPG") that worked for PPG in Ohio and who worked forty or more hours in any workweek during the period of July 1, 2015 to July 1, 2018.

WHAT WILL YOU GET AND WHEN, AND WHAT ARE YOU GIVING UP

**6. What does the settlement provide?**

If the Court grants final approval of the settlement, Defendant will deposit $550,000 into a Gross Settlement Fund.  If approved, there will be deductions from this Settlement Fund for attorneys' fees and costs, settlement administrations costs and service awards to the Representative Plaintiffs.  If you do not exclude yourself from the settlement you will be paid a proportionate amount of the Net Settlement Fund, which is the Gross Settlement Fund less the Court-approved deductions outlined above, based on the number of weeks you performed work for the Company between July 1, 2015 and July 1, 2018.  Half of this amount will be paid as wages to be reported on an IRS Form W-2 and the other half will be paid as liquidated damages and will be reported on an IRS Form 1099.

**7. How do I get a settlement payment?**

2

**To participate in the settlement, you are not required to do anything. You are automatically eligible to receive an Individual Payment.** Checks will be mailed to Class Members at the addresses listed in the Company's records. If your address has changed, you must send your name and current mailing address to [settlement administrator].

## 9. <u>What am I giving up to get a payment or stay in the Class?</u>
The Settlement Agreement includes the following release of claims:

> Upon the Effective Date, and except as to such rights or claims as may be created by this Settlement Agreement, the Representative Plaintiff, and all Class Members who did not submit timely and effective requests for exclusion fully release and discharge Defendant and all present and former owners, partners, shareholders, parent companies, subsidiaries, related entities, , affiliates, divisions, predecessors, successors, assigns and the officers, directors, employees, agents, affiliates, representatives, attorneys, insurers, benefit plans, plan fiduciaries and/or administrators of each entity, and all persons acting by, through, or in concert with any of them, including any party that was or could have been named as a defendant in the Lawsuit (the "Released Parties"), from any and all Released Claims as hereafter defined. The "Released Claims" shall consist of any and all claims for wages, compensation, benefits and damages, that relate to or arise out of Defendant's alleged failure to pay overtime compensation, including all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, including, but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, statutory damages or penalties, punitive damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and any and all applicable state laws, including but not limited Ohio and Indiana laws, statutes, ordinances, regulations, and common law, in equity or otherwise, whether such claims are known or unknown, asserted or unasserted, through the Release Period. The Release Period shall mean the period of time between April 23, 2015 and the date the Court enters Final Approval of the Ohio Class Action Settlement.

If the Court grants final approval of the settlement, you will be bound by the release of claims, unless you have excluded yourself from the settlement in the manner described below. When claims are "released," that means that you cannot sue PPG or any of the Released Parties for any of the claims that are covered by the release.

### THE LAWYERS REPRESENTING YOU

## 10. <u>Do I have a lawyer in this case?</u>
The Court appointed Hans A. Nilges and Shannon M. Draher of Nilges Draher LLC to represent you and other Class Members as "Class Counsel." You do not have to personally pay Class Counsel. You can reach Class Counsel by phone at 330-470-4428. You may call Class Counsel to discuss any questions you may have about this settlement. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

## 11. <u>Class Counsel's recommendation.</u>
Class Counsel strongly recommends the settlement, which offers valuable payments to Class Members without the risk, uncertainty, and delay of continuing with the lawsuit. If the Court grants final approval of the settlement, and if the settlement becomes effective, every Class Member will receive a settlement payment in the form of a monetary payment as described above. Class Members do not need to take any action to receive their settlement payment.

### IF YOU DO NOTHING

## 12. <u>What happens if I do nothing at all?</u>
If you do nothing, and the settlement is approved by the Court and becomes final, you will receive a settlement payment. If you do nothing, you will also give up rights to sue the Defendant as part of another lawsuit over the claims resolved by this settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13. How do I get out of the settlement?**
To exclude yourself from the settlement, you must mail a letter saying you want to be excluded from *Michael Wise, et al. v. Precision Products Group, Inc., Inc.* Be sure to include the case number (No. 5:18-cv-00926), your full name, address, and signature. You must mail your request for exclusion postmarked by _____, 2019 **[90 days from mailing of notices]** to [settlement administrator].  You cannot exclude yourself on the phone, by email, or on [settlement administrator's] website.

**14. If I do not exclude myself, can I sue the Defendant for the same thing later?**
No. Unless you exclude yourself, you give up the right to sue Defendant for all of the claims that this proposed settlement resolves. You must exclude yourself to start your own lawsuit, continue with a lawsuit, or be part of any other lawsuit relating to the claims in this case.

**15. If I exclude myself, can I get benefits from this settlement?**
No. If you exclude yourself, you will not receive a settlement payment and you cannot object to the proposed settlement. However, if you ask to be excluded, you may sue, continue to sue, or be part of a different lawsuit against the Defendant in the future. You will not be bound by anything that happens in this lawsuit.

## OBJECTING TO THE SETTLEMENT

**16. How do I tell the Court if I do not like the settlement?**
If you stay in the Class and you do not want the Court to approve the settlement, you must file a written objection within 90 days. You must give reasons why you think the Court should not approve it. To object, send a letter saying that you object to *Michael Wise, et al. v. Precision Products Group, Inc.*  Be sure to include the case number (No.5:18-cv-00926), your full name, your address, your telephone number, your signature, the reasons why you object to the settlement, all documents you want the Court to consider and a "Notice of Appearance" if you hired your own lawyer to represent you in this objection. You must mail the objection to both of the addresses below so that it is postmarked no later than _____, 2019 **[90 days from mailing notices]**.  Late objections will not be considered.  If you either approve of the settlement or choose to exclude yourself, you do not need to object.

| COURT | SETTLEMENT ADMINISTRATOR |
|---|---|
| Clerk of Court<br>2 South Main Street<br>Akron, Ohio  44308 | |

**17. What is the difference between objecting and asking to be excluded?**
Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from this settlement is telling the Court that you don't want to be part of the Class. If you exclude yourself, you cannot object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement.  You may attend and ask to speak, but you are not required to.

**18. When and where will the Court decide whether to approve the settlement?**
The Court has scheduled a Fairness Hearing at _____ on _____ [INSERT DATE AND TIME] at the United States District Court for the Northern District of Ohio, John F. Sieberling Federal Building & U.S. Courthouse, 2 South Main Street, Akron, Ohio  44308. The hearing may be moved to a different date or time without notice, so if you plan to attend, you should call or email Class Counsel for current information. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who have asked to speak about an objection (*see* Objecting to the Settlement). At or after the hearing, the Court will decide whether to approve the settlement.

**19. Do I have to come to the hearing?**
No. Class Counsel will answer any questions that the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend.

### GETTING MORE INFORMATION

**21. How do I get more information about the settlement?**
This Notice summarizes the proposed settlement.  More details about the settlement are in the Settlement Agreement.  You can get a copy of the Settlement Agreement from the [settlement administrator].
If you have questions or need further information, please contact class counsel at or 330-470-4428.


PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THE SETTLEMENT.

*Michael Wise, et al. v. Precision Products Group, Inc.*
Case number: 5:18-cv-00926
United States District Court for the Northern District of Ohio

# COLLECTIVE ACTION SETTLEMENT NOTICE

**You have received this Notice because you are eligible to participate in a settlement against Precision Products Group, Inc. that was recently approved by the United States District Court for the Northern District of Ohio.**

## 1.      Why did I get this notice and what is this lawsuit about?

You were sent this notice because you are a current or former employee of Precision Products Group, Inc. ("PPG" or "the Company") who is eligible to participate in a settlement of a collective action lawsuit filed against the Company for alleged overtime pay due to PPG's hourly employees. This notice is to inform you that a settlement agreement was reached and approved by the Court on _____, 2018.

The lawsuit was filed against PPG as a collective and class action on April 23, 2018, under the Fair Labor Standards Act ("FLSA") and Ohio Minimum Fair Wage Standards Act ("OMFWSA"). The Representative Plaintiffs are Michael Wise and Donald Gentry.

The lawsuit alleges that PPG violated the FLSA and OMFWSA by failing to pay the Representative Plaintiffs and its hourly employees all of their overtime compensation. Specifically, Representative Plaintiffs alleged that PPG had a companywide policy of docking its hourly employees' pay in 15-minute increments for late arrivals and rounding its employees' clock-in and clock-out times in a manner in which the employees always lose credit for time actually worked.

PPG denies these claims and believes it has properly paid its employees.

## 2.      Does this settlement mean that PPG violated the law?

No. PPG denies it violated any law with respect to the wages paid to its hourly employees. Rather than continuing to defend the lawsuit, the Company decided that its resources are better directed to resolving this matter now, so that it can fully focus on its business operations.

## 3.      How was the settlement reached?

Representative Plaintiff Michael Wise and the Company reached this settlement on behalf of the himself, Representative Plaintiff Donald Gentry, and other current or former hourly employees of PPG.  Counsel for PPG and counsel for Representative Plaintiffs negotiated the terms of the settlement described in this Notice.  Representative Plaintiffs' lawyers believe that the proposed

EXHIBIT D

settlement is fair and reasonable and in the best interests of the Collective Class, because the settlement avoids the considerable risks and delays involved in continuing the Lawsuit. From the perspective of the Company, settling now means that it will not have to keep spending money, time, and effort on the lawsuit. Finally, the Court has approved the settlement as fair and reasonable and in the best interests of those who choose to participate in it.

| 4. | How do I participate in the settlement and receive a settlement payment? |
|---|---|

If you choose to participate in the settlement, **you must complete and return the enclosed "Consent to Join and Release Form"** with a postmark date on or before **[90 days after mailing], 2019**. Any Claim and Release Forms postmarked after **[90 days after mailing], 2019** will not be valid.

By timely returning the Consent to Join and Release Form, you will receive a settlement check, but you will also release claims you may have or had against the Company. Review the Claim and Release Form closely to ensure you understand the effect of participating in the settlement.

| 5. | If I participate in the settlement, how much will I be paid? |
|---|---|

You will be paid a proportionate amount of the Net Settlement Fund based on the number of weeks you worked for the Company between July 1, 2015 and July 1, 2018.Half of this amount will be paid as wages to be reported on an IRS Form W-2 and the other half will be paid as liquidated damages and will be reported on an IRS Form 1099.

| 6. | What claims am I releasing if I participate in the settlement? |
|---|---|

If you participate in the settlement, you agree to waive and release PPG and all other Released Parties from all Released Claims as defined in the Consent to Join and Release Form and in the Settlement Agreement between the parties. The "Released Claims" shall consist of any and all claims for wages, compensation, benefits or damages, that arise out of or relate to Defendant's alleged failure to pay overtime, including all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, including, but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, statutory damages or penalties, punitive damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and any and all applicable state laws, including but not limited Ohio and Indiana laws, statutes, ordinances, regulations and common law, in equity or otherwise, whether such claims are known or unknown, asserted or unasserted, through the Release Period.  The Release Period shall mean the period of time between April 23, 2015 and the date the Court enters Final Approval of the Class Action Settlement.

| 7. | What if I do not want to participate in the settlement? |
|---|---|

If you decide you do not want to participate in the settlement, you do not have to do anything. If you do not participate in the settlement, you will not waive or release any claims against the Company and you will not receive a settlement payment.

| **8.** | **What if I have questions?** |
|---|---|

<u>DO NOT CONTACT THE COURT</u>. If you have questions about this notice, You can contact the Settlement Administrator for this matter at _____ or you can contact Representative Plaintiffs' lawyers at (330) 470-4428.

*Michael Wise, et al. v. Precision Products Group, Inc.*
Case number: 5:18-cv-00926
United States District Court for the Northern District of Ohio

# Consent to Join and Release Form

**[name and address]**

Address Correction, if necessary:  _____

_____

_____

## To Participate in the Settlement Complete this Form and BOTH of the Enclosed W-4 and W-9 Tax Forms

To participate in the settlement in the above-referenced action, you must complete this <u>Consent to Join and Release Form</u> and mail it in the enclosed self-addressed, postage pre-paid envelope it so that it is postmarked no later than [***insert time deadline***] or you can email it to _____ or fax it to _____. You must also complete BOTH of the enclosed W-4 and W-9 tax forms. These tax forms must be returned with your Consent to Join and Release Form and postmarked no later than [***insert time deadline***].

      1.      I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* I have read and understand the Collective Action Settlement Notice which was enclosed with this Claim and Release Form. I understand that by completing and returning this Claim and Release Form, I will receive a settlement payment and will be bound by the settlement reached of *Michael Wise, et al. v. Precision Products Group, Inc.,* and any judgment of the Court.

By signing this form, I forever and fully release Precision Products Group, Inc. and all present and former owners, partners, shareholders, parent companies, subsidiaries, related entities, affiliates, divisions, predecessors, successors, assigns, and the shareholders, officers, directors, employees, agents, affiliates, representatives, attorneys, insurers, benefit plans, plan fiduciaries and/or administrators of each entity, and all persons acting by, through or in concert with any of them, including any party that was or could have been named as a defendant in the Action ("Released Parties") from any and all Released Claims as hereafter defined.  The "Released Claims" shall consist of any and all claims for wages, compensation, benefits  or damages, that

1

arise out of or relate to Defendant's alleged failure to pay overtime, including all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, including, but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, statutory damages or penalties, punitive damages, interest, attorneys' fees, and expenses pursuant to the Fair Labor Standards Act, any and all applicable state laws, including but not limited Ohio and Indiana laws, statutes, ordinances, regulations and common law, in equity or otherwise, whether such claims are known or unknown, asserted or unasserted,  through the Release Period.  The Release Period shall mean the period of time between April 23, 2015 and the date the Court enters Final Approval of the Ohio Class Action Settlement.

_____          _____

  Date (MM/DD/YYYY)                              Signature


DMS/11659601v.2

## SETTLEMENT AND GENERAL RELEASE AGREEMENT

THIS AGREEMENT (the "Release Agreement") is made by and between Precision Products Group, Inc. ("PPG") and Michael Wise ("Wise").

WHEREAS, Wise filed an action in the United States District Court for the Northern District of Ohio, captioned *Wise v. Precision Products Group, Inc.*, Case No. 5:18-cv-00926, alleging that PPG violated the Fair Labor Standards Act and the Ohio overtime and prompt pay statutes by failing to pay Plaintiff and similarly situated employees all of their overtime pay; (the "Civil Action"); and

WHEREAS, Plaintiffs' First Amended Class Action and Collective Action Complaint was filed in the Civil Action on December 21, 2018, adding Representative Plaintiff Donald Gentry as a Named Plaintiff and Class Representative for the FLSA Class; and

WHEREAS, PPG denied and continues to deny the allegations raised in the Civil Action; and

WHEREAS, PPG and Wise mutually desire to resolve any and all disputes relating to Wise's employment with PPG and the termination thereof, and/or the subject matter of the Civil Action or any claims that could have been asserted therein.

NOW, THEREFORE, IT IS HEREBY AGREED, by and between PPG and Wise (referred to together as the "Parties") as follows:

1. <u>Wise's Release of Claims and Agreement Not to Pursue Further Action</u>.  Except as provided below, Wise hereby fully and forever waives, discharges, and releases any and all claims, demands, damages, actions, causes of action and liabilities of any kind, whatsoever, whether known or unknown, suspected or unsuspected, accrued or to accrue, which Wise now has, may have, or has ever had against PPG, its parent, subsidiary and affiliated companies, and in the case of all such entities, their respective past and present officers, directors, members, employees, agents, predecessors, shareholders, partners, successors, assigns, heirs, executors, insurers, assigns and  administrators (collectively referred to as the "Released Parties") relating to or arising out of his  employment with or separation from employment with PPG, as a result of any actions or omissions occurring through the date Wise executes this Release Agreement.

This waiver and release specifically includes, but is not limited to: (i) any and all claims for unpaid wages or unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the Ohio Minimum Fair Wage Standards Act and the Ohio Equal Pay Act, O.R.C. §§ 4111.01, *et seq.,* and/or any other federal, state, or local statute, common law, or regulation, pertaining to wage and hour issues, including, without limitation, the payment of wages, salary, premium payments, bonuses or benefits of any kind or nature, unpaid or late payment of wages, unpaid or late payment of overtime, unpaid work, meal breaks or rest breaks, travel time, reimbursement of expenses, improper deductions, or record keeping requirements; (ii) any and all claims based on wrongful termination (including constructive or retaliatory

EXHIBIT E

discharge) or any other possible restrictions on employment at will, including, without limitation, violation of public policy, breach of contract or of  any express or implied covenant of any employment contract, promissory estoppel, and breach of any express or implied covenant of good faith or fair dealing; (iii) any and all claims based on employment discrimination and/or retaliation (including, but not limited to, claims based on age, sex, attainment of benefit plan rights, race, color, religion, national origin, disability, sexual orientation, veteran status, pregnancy or genetic information) under common law or any federal, state, county or municipal statute, law, rule or regulation, including, without limitation, claims arising under the  Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"), Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act, the Equal Pay Act of 1963, the Lilly Ledbetter Fair Pay Act of 2009, the Americans with Disabilities Act of 1991, the Family and Medical Leave Act of 1993, the Consolidated Budget Reconciliation Act of 1986, 29 U.S.C. §1161, et seq., the National Labor Relations Act, 29 U.S.C. §151, et seq., the Fair Credit Reporting Act, the Ohio Constitution Art. II, §§34, 34a and 35, O.A.C. 4121-3-20, et seq., all as amended to the date hereof, or any other federal, state or local employment discrimination statute; (iv) any and all claims of discrimination and/or retaliation on the basis of age, including claims under the Age Discrimination in Employment Act ("the ADEA") and the Older Workers Benefit Protection Act ("OWBPA") 29U.S.C. §§621 through 634, and any applicable  state or local law prohibiting age discrimination; and (v)  any and all claims including, without limitation, claims relating to negligence, defamation, libel, slander, fraud, misrepresentation, denial of leave or other terms and conditions of employment, invasion of privacy, tortious or negligent interference with a contractual or business relationship or expectancy, intentional misrepresentation, intentional or negligent  infliction of emotional or mental distress.

Wise understands that this release includes, but is not limited to, all claims that were asserted or could have been asserted in the Civil Action, including all collective or class claims, all claims relating to or arising out of the same transaction, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in the Civil Action, any claims challenging the practices that gave rise to the claims asserted in the Civil Action and all claims that relate in any way to his employment with PPG, including all claims for monetary damages, compensatory damages, punitive damages, front pay, back pay, liquidated damages, penalties, and all forms of injunctive, declaratory or equitable relief, and costs and attorneys' fees, whether arising under any federal, state, local or common laws or regulations.

Wise further agrees that he will not counsel, advise, solicit or recruit any current or former employees or otherwise be involved in any action or potential action against PPG with regard to any claims or causes of action, known or unknown, asserted or unasserted, that exist as of the date this Release Agreement is signed.

Notwithstanding the above, this Release Agreement does not apply to any claims that controlling law clearly states may not be released by settlement or that may not be released by private agreement, including, but not limited to workers compensation claims.

Nor does this Release Agreement affect in any way Wise's right to file a charge or complaint or

2

participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission (EEOC), the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission, or any other federal, state or local governmental agency or commission, provided that damages are not sought or accepted.

2.     <u>Consideration for Release</u>.     In consideration for signing the Joint Stipulation of Settlement and Release Agreement and this Release Agreement, and the fulfillment of the promises contained in both agreements, Wise understands that PPG will pay him the gross sum of Seventy Five Hundred Dollars ($7,500.00).  This payment will be made in the manner and form outlined in the Joint Stipulation of FLSA and Class Action Settlement and Release.  An IRS form 1099 shall be issued to Wise reflecting this payment.  Wise expressly acknowledges and warrants that he is, and shall be, responsible for all federal, state, and local tax liabilities that may result from the payments described in this Release Agreement, and Wise hereby warrants that the PPG Released Parties shall bear no responsibility for any such tax liabilities.

3.     This Release Agreement together with the Joint Stipulation of FLSA and Class Action Settlement and Release constitutes the entire agreement between the Parties regarding the subject matter therein.  No amendment, modification, change, or alteration of this Release Agreement shall be valid or binding unless signed by Wise and PPG.

4.     Wise acknowledges that no representation, promise or inducement has been made to him other than as set forth in this Release Agreement and the Joint Stipulation of Settlement and Release Agreement, and that he enters into this Release Agreement without reliance upon any other representation, promise, or inducement not set forth herein or in the Joint Stipulation of Settlement and Release Agreement. Wise also acknowledges that he has been given at least twenty-one (21) days to consider this Release Agreement, has been advised to consult with counsel of his choosing before signing this Release Agreement, and has, in fact, done so, and that he has read and understands this Release Agreement, is fully aware of its legal effect, and has entered into it knowingly and voluntarily.  Wise also acknowledges that he has been advised of his right to revoke this Release Agreement within seven (7) days after he signs it, and that this Release Agreement will not be effective or enforceable until the period for revocation has passed without revocation having occurred. In order to revoke this Release Agreement, Wise must provide written notice to Defendant's counsel, Peggy J. Schmitz, c/o Critchfield, Critchfield & Johnston, Ltd., 225 N. Market St., Wooster, OH 44691within seven (7) days of the date of his signature on this Release Agreement.

5.     Wise acknowledges and agrees that the payments offered to him under the terms of this Release Agreement and the Joint Stipulation of FLSA and Class Action Settlement and Release represent good and valuable consideration to which he would not otherwise be entitled.

6.     Each paragraph and clause of this Release Agreement shall be deemed severable from all other provisions, and the invalidity or unenforceability of any provision shall not affect the validity or enforceability of the remaining provisions.  In addition, to the extent permitted by applicable law, any invalid or unenforceable provision shall be enforced to the maximum extent permitted by applicable law.

3

7.      The language of all parts of this Release Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. This Release Agreement may be executed by the parties in separate counterparts, with the same effect as if the parties had signed the same document.  All such counterparts shall be deemed an original, shall be construed together, and shall constitute one and the same document.  A facsimile signature shall be deemed an original signature.

8.      This Release Agreement shall be binding upon the Parties and their respective heirs, representatives, successors, transferees and assigns.

9.      This agreement shall be interpreted in all respects by the internal laws of the State of Ohio without reference to conflicts of laws principles.

10.     The settlement reflected in the Joint Stipulation of Settlement and Release Agreement and this Release Agreement shall not in any way be construed as an admission by the PPG Released Parties of any liability or acts of wrongdoing, which liability and responsibility for damages are specifically denied.

11.     Wise agrees that, unless compelled to do so by law or as required to enforce the terms of this Release Agreement, he will not disclose to any other person any information regarding the existence or substance of this Release Agreement, except with his spouse, tax advisor, or his attorney in the Civil Action, provided that any such individual agrees to keep that information strictly confidential and agrees not to disclose it to any other person.

I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE AGREEMENT CAREFULLY AND KNOW AND UNDERSTAND ITS CONTENTS, AND THAT I AM EXECUTING THIS RELEASE KNOWINGLY AND VOLUNTARILY:

Dated: _____        MICHAEL WISE

                                  _____

Dated: _____        PRECISION PRODUCTS GROUP, INC.

                                  By:_____

                                  Its:_____

4819-3913-4752, v.  1

## SETTLEMENT AND GENERAL RELEASE AGREEMENT

THIS AGREEMENT (the "Release Agreement") is made by and between Precision Products Group, Inc. ("PPG") and Donald Gentry ("Gentry").

WHEREAS, Michael Wise filed an action in the United States District Court for the Northern District of Ohio, captioned *Wise v. Precision Products Group, Inc.*, Case No. 5:18-cv-00926, alleging that PPG violated the Fair Labor Standards Act and the Ohio overtime and prompt pay statutes by failing to pay Wise and similarly situated employees all of their overtime pay; (the "Civil Action"); and

WHEREAS, Plaintiffs' First Amended Class Action and Collective Action Complaint was filed in the Civil Action on December 21, 2018, adding Representative Plaintiff Donald Gentry as a Named Plaintiff and Class Representative for the FLSA Class of Defendant's Indiana employees; and

WHEREAS, PPG denied and continues to deny the allegations raised in the Civil Action; and

WHEREAS, PPG and Gentry mutually desire to resolve any and all disputes relating to Wise's employment with PPG and the termination thereof, and/or the subject matter of the Civil Action or any claims that could have been asserted therein.

NOW, THEREFORE, IT IS HEREBY AGREED, by and between PPG and Gentry (referred to together as the "Parties") as follows:

1.      <u>Gentry's Release of Claims and Agreement Not to Pursue Further Action</u>. Except as provided below, Gentry hereby fully and forever waives, discharges, and releases any and all claims, demands, damages, actions, causes of action and liabilities of any kind, whatsoever, whether known or unknown, suspected or unsuspected, accrued or to accrue, which Gentry now has, may have, or has ever had against PPG, its parent, subsidiary and affiliated companies, and in the case of all such entities, their respective past and present officers, directors, members, employees, agents, predecessors, shareholders, partners, successors, assigns, heirs, executors, insurers, assigns and administrators (collectively referred to as the "Released Parties") relating to or arising out of his employment with or separation from employment with PPG, as a result of any actions or omissions occurring through the date Gentry executes this Release Agreement.

This waiver and release specifically includes, but is not limited to: (i) any and all claims for unpaid wages or unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the Indiana Wage Claims Statute, I.C. §22-2-9-2(a),(b), the Indiana Wage Payment Statute, I.C. 22-2-5-1(b) and/or any other federal, state, or local statute, common law, or regulation, pertaining to wage and hour issues, including, without limitation, the payment of wages, salary, premium payments, bonuses or benefits of any kind or nature, unpaid or late payment of wages, unpaid or late payment of overtime, unpaid work, meal breaks or rest breaks, travel time, reimbursement of expenses, improper deductions, or record keeping requirements;

(ii) any and all claims based on wrongful termination (including constructive or retaliatory discharge) or any other possible restrictions on employment at will, including, without limitation, violation of public policy, breach of contract or of any express or implied covenant of any employment contract, promissory estoppel, and breach of any express or implied covenant of good faith or fair dealing; (iii) any and all claims based on employment discrimination and/or retaliation (including, but not limited to, claims based on age, sex, attainment of benefit plan rights, race, color, religion, national origin, disability, sexual orientation, veteran status, pregnancy or genetic information) under common law or any federal, state, county or municipal statute, law, rule or regulation, including, without limitation, claims arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"), Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act, the Equal Pay Act of 1963, the Lilly Ledbetter Fair Pay Act of 2009, the Americans with Disabilities Act of 1991, the Family and Medical Leave Act of 1993, the Consolidated Budget Reconciliation Act of 1986, 29 U.S.C. §1161, et seq., the National Labor Relations Act, 29 U.S.C. §151, et seq., the Fair Credit Reporting Act, all as amended to the date hereof, or any other federal, state or local employment discrimination statute; (iv) any and all claims of discrimination and/or retaliation on the basis of age, including claims under the Age Discrimination in Employment Act ("the ADEA") and the Older Workers Benefit Protection Act ("OWBPA") 29U.S.C. §§621 through 634, and any applicable state or local law prohibiting age discrimination; and (v) any and all claims including, without limitation, claims relating to negligence, defamation, libel, slander, fraud, misrepresentation, denial of leave or other terms and conditions of employment, invasion of privacy, tortious or negligent interference with a contractual or business relationship or expectancy, intentional misrepresentation, intentional or negligent infliction of emotional or mental distress.

Gentry understands that this release includes, but is not limited to, all claims that were asserted or could have been asserted in the Civil Action, including all collective or class claims, all claims relating to or arising out of the same transaction, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in the Civil Action, any claims challenging the practices that gave rise to the claims asserted in the Civil Action and all claims that relate in any way to his employment with PPG, including all claims for monetary damages, compensatory damages, punitive damages, front pay, back pay, liquidated damages, penalties, and all forms of injunctive, declaratory or equitable relief, and costs and attorneys' fees, whether arising under any federal, state, local or common laws or regulations.

Gentry further agrees that he will not counsel, advise, solicit or recruit any current or former employees or otherwise be involved in any action or potential action against PPG with regard to any claims or causes of action, known or unknown, asserted or unasserted, that exist as of the date this Release Agreement is signed.

Notwithstanding the above, this Release Agreement does not apply to any claims that controlling law clearly states may not be released by settlement or that may not be released by private agreement, including, but not limited to workers compensation claims.

Nor does this Release Agreement affect in any way Gentry's right to file a charge or complaint or participate in an investigation or proceeding conducted by the Equal Employment Opportunity

2

Commission (EEOC), the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission, or any other federal, state or local governmental agency or commission, provided that damages are not sought or accepted.

2. <u>Consideration for Release</u>. In consideration for signing the Joint Stipulation of Settlement and Release Agreement and this Release Agreement, and the fulfillment of the promises contained in both agreements, Gentry understands that PPG will pay him the gross sum of Twenty Five Hundred Dollars ($2,500.00). This payment will be made in the manner and form outlined in the Joint Stipulation of FLSA and Class Action Settlement and Release. An IRS form 1099 shall be issued to Gentry reflecting this payment. Gentry expressly acknowledges and warrants that he is, and shall be, responsible for all federal, state, and local tax liabilities that may result from the payments described in this Release Agreement, and Gentry hereby warrants that the PPG Released Parties shall bear no responsibility for any such tax liabilities.

3. This Release Agreement together with the Joint Stipulation of FLSA and Class Action Settlement and Release constitutes the entire agreement between the Parties regarding the subject matter therein. No amendment, modification, change, or alteration of this Release Agreement shall be valid or binding unless signed by Gentry and PPG.

4. Gentry acknowledges that no representation, promise or inducement has been made to him other than as set forth in this Release Agreement and the Joint Stipulation of Settlement and Release Agreement, and that he enters into this Release Agreement without reliance upon any other representation, promise, or inducement not set forth herein or in the Joint Stipulation of Settlement and Release Agreement. Gentry also acknowledges that he has been given at least twenty-one (21) days to consider this Release Agreement, has been advised to consult with counsel of his choosing before signing this Release Agreement, and has, in fact, done so, and that he has read and understands this Release Agreement, is fully aware of its legal effect, and has entered into it knowingly and voluntarily. Gentry also acknowledges that he has been advised of his right to revoke this Release Agreement within seven (7) days after he signs it, and that this Release Agreement will not be effective or enforceable until the period for revocation has passed without revocation having occurred. In order to revoke this Release Agreement, Gentry must provide written notice to Defendant's counsel, Peggy J. Schmitz, c/o Critchfield, Critchfield & Johnston, Ltd., 225 N. Market St., Wooster, OH 44691 within seven (7) days of the date of his signature on this Release Agreement.

5. Gentry acknowledges and agrees that the payments offered to him under the terms of this Release Agreement and the Joint Stipulation of FLSA and Class Action Settlement and Release represent good and valuable consideration to which he would not otherwise be entitled.

6. Each paragraph and clause of this Release Agreement shall be deemed severable from all other provisions, and the invalidity or unenforceability of any provision shall not affect the validity or enforceability of the remaining provisions. In addition, to the extent permitted by applicable law, any invalid or unenforceable provision shall be enforced to the maximum extent permitted by applicable law.

7.      The language of all parts of this Release Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. This Release Agreement may be executed by the parties in separate counterparts, with the same effect as if the parties had signed the same document.  All such counterparts shall be deemed an original, shall be construed together, and shall constitute one and the same document.  A facsimile signature shall be deemed an original signature.

8.      This Release Agreement shall be binding upon the Parties and their respective heirs, representatives, successors, transferees and assigns.

9.      This agreement shall be interpreted in all respects by the internal laws of the State of Ohio without reference to conflicts of laws principles.

10.     The settlement reflected in the Joint Stipulation of Settlement and Release Agreement and this Release Agreement shall not in any way be construed as an admission by the PPG Released Parties of any liability or acts of wrongdoing, which liability and responsibility for damages are specifically denied.

11.     Gentry agrees that, unless compelled to do so by law or as required to enforce the terms of this Release Agreement, he will not disclose to any other person any information regarding the existence or substance of this Release Agreement, except with his spouse, tax advisor, or his attorney in the Civil Action, provided that any such individual agrees to keep that information strictly confidential and agrees not to disclose it to any other person.


I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE AGREEMENT CAREFULLY AND KNOW AND UNDERSTAND ITS CONTENTS, AND THAT I AM EXECUTING THIS RELEASE KNOWINGLY AND VOLUNTARILY:


Dated:  _____          DONALD GENTRY

                                     _____



Dated:  _____          PRECISION PRODUCTS GROUP, INC.

                                     By:_____

                                     Its:_____

4819-3913-4752, v.  1

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL WISE and DONALD GENTRY,** **on behalf of themselves and others similarly** **situated,**        ) ) ) ) | CASE NO. 5:18-cv-00926 |
| Plaintiffs,        ) ) | JUDGE JOHN R. ADAMS |
| vs.        ) ) ) | **ORDER APPROVING FLSA** **COLLECTIVE ACTION SETTLEMENT** |
| **PRECISION PRODUCTS GROUP, INC.,**        ) ) | |
| Defendant        ) | |

This matter is before the Court on the Parties' Joint Motion for Final Approval of FLSA Settlement ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  The Joint Motion asks the Court to approve, as fair and reasonable, the proposed FLSA Collective Settlement reached by the Parties and memorialized in the Joint Stipulation of FLSA and Class Action Settlement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit 1.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Shannon Draher, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order Approving the FLSA Collective Action Settlement, the Agreement as it applies to the FLSA, the proposed FLSA Collective Action Settlement Notice, the proposed FLSA Consent to Join and Release Form, the proposed Service Award to the FLSA Class Representative Donald Gentry, and the proposed attorneys' fees and expense reimbursements to Class Counsel, as follows:

EXHIBIT G

1.      Unless otherwise defined, all terms used in this Preliminary Order have the same meanings as defined in the Settlement Agreement.

2.      On April 23, 2018, the Representative Plaintiff Michael Wise filed this Action, alleging that Defendant violated the Fair Labor Standards Act and the Ohio overtime and prompt pay statutes by failing to pay Plaintiff and other similarly situated employees all of their overtime compensation

3.      On December 21, 2018, Representative Plaintiffs filed a First Amended Class and Collective Action Complaint, adding Representative Plaintiff Donald Gentry as a Named Plaintiff and Class Representative for the FLSA Class.

4.      The Parties agreed to randomly select 10% of the putative class for purposes of evaluating alleged damages. Defendant provided daily punch in and out records; daily "final hours" records; pay rate information for each of the putative class members in the representative sample during period of July 1, 2015 to July 1, 2018, and dates of employment for the members of the entire putative class members.

5.      Plaintiffs' Counsel engaged a consultant to evaluate the records for the putative class members based on the representative evidence.

6.      The Parties engaged in mediation on September 4, 2018, with well-respected mediator Mike Ungar.  Although the Parties did not reach a settlement at the mediation, they continued to work tirelessly towards a settlement.  They had multiple post-mediation settlement discussions with the mediator and amongst themselves.  The mediation and post-mediation settlement discussions eventually led to a settlement being reached.

7.      The Parties reached the proposed settlement in this matter after extensive research, discovery, legal debates, discussions, correspondence, and good faith bargaining.

8.      The FLSA Collective Action Settlement will cover the FLSA Class Representative and the FLSA Class Members (as defined herein).

9.      To receive a settlement payment, an FLSA Class Member must sign and return the FLSA Consent to Join and Release form attached to the Settlement Agreement as Exhibit E.  The Consent and Release Forms must be signed electronically (eSigned) via PDF, postmarked, faxed or emailed to the Settlement Administrator Class Counsel within the ninety (90) days after the mailing of the notice.

10.     The Settlement Agreement provides that, in consideration of the Total Settlement Payment, the claims of the FLSA Class Representative and the FLSA Class Members who elect to participate in the Settlement by signing and returning an FLSA Consent to Join and Release Form are to be released and dismissed with prejudice.

11.     The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation.   Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the FLSA Class Representative and the FLSA Class Members.   The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

12.     The Court approves the Agreement and its Exhibits, including the proposed FLSA Collective Action Settlement Notice and the proposed FLSA Consent to Join and Release Form, and orders that the FLSA Settlement be implemented according to the terms and conditions of the Agreement and as directed herein.  The Court grants final approval of the FLSA Collective Action

Settlement as to the FLSA Class Representative and the FLSA Class Members who elect to participate in the Settlement by signing and returning a FLSA Consent to Join and Release Form.

13.     The Court finds that the proposed allocation and calculation of the settlement payments to the FLSA Members are fair and reasonable.  The Court approves the method of calculation and proposed distribution of the settlement payments.  The Parties have submitted with the Joint Stipulation of FLSA and Class Action Settlement and Release a list providing the names of the FLSA Class Members.

14.     The Court approves the FLSA Class Representative Payment to the FLSA Class Representative Donald Gentry in recognition of his service in the Action and for executing a general mutual release of all claims, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

15.     The Court approves the payment of attorneys' fees and expense reimbursements to Class Counsel as provided in the Settlement Agreement and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

16.     The Court dismisses the claims of the FLSA Class Representative and the FLSA Class Members who sign and return an FLSA Consent to Join and Release Form with prejudice, and enters final judgment dismissing them from the Action.  The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Approving FLSA Settlement immediately.

17.     The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the notice administration, addition of Class Members and distribution process.

**SO ORDERED:**


Date: _____      _____
                                                  Honorable John R. Adams
                                                  United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL WISE and DONALD GENTRY,** **on behalf of themselves and others similarly situated,** | ) ) ) | CASE NO. 5:18-cv-00926 |
| | ) ) | JUDGE JOHN R. ADAMS |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | **PRELIMINARY ORDER APPROVING** **OHIO CLASS ACTION SETTLEMENT** **AGREEMENT AND NOTICE** |
| **PRECISION PRODUCTS GROUP, INC.,** | ) ) ) | |
| Defendant | | |

Representative Plaintiff Michael Wise, (the "Ohio Class Representative"), and Defendant Precision Products Group, Inc. ("Defendant" or "PPG") have moved the Court to preliminarily approve, as fair and reasonable, the Ohio Class Action Settlement Agreement ("Settlement Agreement") between the Ohio Class Representative, on behalf of himself and on behalf of the Ohio Class Members (as defined herein) and Defendant pursuant to Fed. R. Civ. P. 23(e).

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion for Preliminary Approval of Ohio Class Action Settlement ("Motion for Preliminary Approval"), the Declaration of Shannon M. Draher appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Preliminary Order granting preliminary approval of the Ohio Class Action Settlement, and approving notice to the Ohio Class Members as follows:

1.       Unless otherwise defined, all terms used in this Preliminary Order have the same meanings as defined in the Settlement Agreement.

EXHIBIT H

2.      On April 23, 2018, the Representative Plaintiff Michael Wise filed this Action, alleging that Defendant violated the Fair Labor Standards Act and the Ohio overtime and prompt pay statutes by failing to pay Plaintiff and other similarly situated employees all of their overtime compensation

3.      On December 12 2018, Representative Plaintiffs filed a Motion for Leave to File First Amended Class and Collective Action Complaint, adding Representative Plaintiff Donald Gentry as a Named Plaintiff and Class Representative for the FLSA Class.

4.      The Parties agreed to randomly select 10% of the putative class for purposes of evaluating alleged damages. Defendant provided daily punch in and out records; daily "final hours" records; pay rate information for each of the putative class members in the representative sample during period of July 1, 2015 to July 1, 2018, and dates of employment for the members of the entire putative class members.

5.      Plaintiffs' Counsel engaged a consultant to compute damages for the putative class members based on the representative evidence.

6.      The Parties engaged in mediation on September 4, 2018, with well-respected mediator Mike Ungar.  Although the Parties did not reach a settlement at the mediation, they continued to work tirelessly towards a settlement.  They had multiple post-mediation settlement discussions with the mediator and amongst themselves.  The mediation and post-mediation settlement discussions eventually led to a settlement being reached.

7.      The Settlement Agreement proposes to settle claims of the Ohio Class Representative and the Ohio Class Members (as defined herein).  The Ohio Class Action Settlement is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e).

8.      The issues in this case were contested.  A Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims, with the assistance of well-respected mediator, Mike Ungar.

9.      As to the Ohio Class Representative and the Ohio Class Members he represents, the Court finds that the proposed settlement classes qualify for provisional certification under Rule 23(a) and (b)(3) and the proposed settlement qualifies for preliminary approval under Rule 23(e). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority.  The Ohio Class Representative Michael Wise is an adequate representative of the Ohio Class – he is a member of the Ohio Class and he possesses the same interests and suffered the same alleged injuries as the Ohio Class Members.   The definition of the Ohio Class encompasses persons with like factual circumstances and like claims.  The settlement payments made available to the Ohio Class Members are commensurate with their claims.  The Court finds there is sufficient basis to conclude preliminarily that the proposed settlement is fair, reasonable and adequate as to the Classes.

10.      The Court provisionally certifies the Ohio Class pursuant to Rule 23(a) and (b)(3) as follows:

> Defendant's current and formerly hourly Ohio employees that worked forty or more hours in any workweek during the period of July 1, 2015 to July 1, 2018.

11.      The Court approves Michael Wise as the Ohio Class Representative, and appoints as class counsel, Shannon M. Draher and Hans A. Nilges of Nilges Draher LLC.

12.     The Court provisionally approves the Service Award for Michael Wise in recognition of his services in this Action.

13.     The Court provisionally approves the payment of attorneys' fees and expenses to Class Counsel as provided in the Settlement Agreement.

14.     The Court grants preliminary approval of the proposed settlement as to the Classes under Rule 23(e).

15.     The Court directs that the members of the classes be given notice of the pendency of this Action, the proposed settlement, and the date of a hearing ("the Fairness Hearing") at which final approval of the proposed settlement may be considered.  The Ohio Class Action Settlement Notice attached as Exhibit C to the Settlement Agreement is approved as to substance, form, and manner of distribution.

16.     The Fairness Hearing will be held on _____ **[DATE TO BE SET BY COURT MORE THAN 120 DAYS AFTER THIS ORDER IS ENTERED]** at _____ **[TIME TO BE SET BY COURT]**.  Ohio Class Members requesting exclusion from the Ohio Class Action Settlement and/or objecting to the Ohio Class Action Settlement must timely request exclusion and/or file objections in the time and the manner set forth in the form of Ohio Class Action Settlement Notice attached as Exhibit C to the Settlement Agreement.  Specifically, the Ohio Class Members must take such steps by not later than ninety (90) days after the initial mailing of the Ohio Class Action Settlement Notice.

17.     The Court approves the proposed Ohio Class Action Settlement Notice and orders that it be distributed to the members of the classes in the manner described in the Settlement Agreement.

18.     Prior to the Fairness Hearing, Class Counsel shall file with the Court a Declaration verifying that the Ohio Class Action Settlement Notice was distributed to the Ohio Class Members in the form and manner approved herein.

19.     The Parties shall file papers in support of Final Approval of the Settlement Agreement no later than twenty-one (21) days prior to the Fairness Hearing.

20.     The Court orders that, pending Final Approval, each Ohio Class Member is preliminarily enjoined from commencing, prosecuting or maintaining in any court other than this Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with the Ohio Class Action Settlement Agreement.

IT IS SO ORDERED this _____ day of _____, 2018.


_____
Honorable John R. Adams
United States District Court Judge