IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL WISE and DONALD GENTRY**, on behalf of themselves and others similarly situated ) ) ) | Case No. 5:18-cv-00926 |
| ) | |
| Plaintiffs, ) | Judge John R. Adams |
| ) | |
| vs. ) ) ) | **FINAL ORDER AND JUDGMENT ENTRY FOR FINAL APPROVAL OF RULE 23 CLASS ACTION SETTLEMENT AGREEMENT** |
| **PRECISION PRODUCTS GROUP, INC.** ) ) | |
| Defendant. ) | |

Representative Plaintiff, Michael Wise ("Representative Plaintiff") on behalf of himself and the Ohio Rule 23 Class Members (collectively "Plaintiffs") and Defendant Precision Products Group, Inc. ("Defendant") have moved the Court to approve, as fair and reasonable, the Ohio Rule 23 Class Action Settlement Agreement ("Settlement Agreement") between Plaintiffs and Defendant pursuant to Fed. R. Civ. P. 23(e).

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion for Final Approval of Ohio Rule 23 Class Action Settlement Agreement ("Joint Motion for Final Approval"), the Declaration of the Settlement Administrator appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Final Order and Judgment Entry ("Final Order") and hereby ORDERS, ADJUDGES AND DECREES as follows:

1. Unless otherwise defined, all terms used in this Final Order have the same meanings as defined in the Settlement Agreement.

2. On April 23, 2018, the Representative Plaintiff Michael Wise filed this Action, alleging that Defendant violated the Fair Labor Standards Act and the Ohio overtime and prompt

pay statutes by failing to pay Plaintiff and other similarly situated employees all of their overtime compensation.

3. On December 12, 2018, Representative Plaintiffs filed a Motion for Leave to File First Amended Class and Collective Action Complaint, adding Representative Plaintiff Donald Gentry as a Named Plaintiff and Class Representative for the FLSA Class.

4. The Parties agreed to randomly select 10% of the putative class for purposes of evaluating alleged damages. Defendant provided daily punch in and out records; daily "final hours" records; pay rate information for each of the putative class members in the representative sample during period of July 1, 2015 to July 1, 2018, and dates of employment for the members of the entire putative class.

5. Plaintiffs' Counsel engaged a consultant to compute damages for the putative class members based on the representative evidence.

6. The Parties engaged in mediation on September 4, 2018, with well-respected mediator Mike Ungar.  Although the Parties did not reach a settlement at the mediation, they continued to work tirelessly towards a settlement.  They had multiple post-mediation settlement discussions with the mediator and amongst themselves.  The mediation and post-mediation settlement discussions eventually led to a settlement being reached.

7. In addition to the settlement of FLSA claims, the Settlement Agreement proposes to settle claims of the Ohio Class Representative and the Ohio Class Members (as defined herein). The Ohio Class Action Settlement is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e).

8. On December 21, 2018, the Parties filed a Joint Motion for Final Approval of FLSA Settlement and for Preliminary Approval of Class Action Settlement.

9. On February 28, 2019, the Court granted final approval of the FLSA Collective Action Settlement.

10. On February 28, 2019, the Court also entered a Preliminary Order provisionally certifying the Class pursuant to Rule 23(a) and (b)(3), granting preliminary approval of the Settlement Agreement Class pursuant to Rule 23(e), and approving the form, content, and method of distribution of notices to class members of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing ("Class Notice"). The Court provisionally approved Representative Plaintiff Michael Wise as class representative of the Class, provisionally approved his Service Award, appointed as class counsel Hans A. Nilges and Shannon M. Draher of Nilges Draher LLC, and provisionally approved the payment of attorneys' fees to Class Counsel.

11. Based on the February 28, 2019 Orders, the notice process has been completed.

12. The Parties' Motion for Final Approval was filed on July 9, 2019.

13. The issues in this case were contested. A Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims.

14. Class Counsel has filed with the Court a Declaration verifying that the Class Notice was distributed to the members of the Ohio Rule 23 Class in the form and manner approved by the Court.

15. The Fairness Hearing on the Ohio Rule 23 Class was scheduled by the Court and noticed for July 30, 2019. Because none of the Rule 23 class members objected to the proposed settlement, the Court adjourns the hearing and enters this Final Order of Approval without a Fairness Hearing.

16. The Court finds that the members of the Ohio Rule 23 Class were given adequate notice of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing as ordered by the Court. The Court further finds that the notice was reasonable and the best notice practicable and satisfied all of the requirements of Civ. R. 23 and due process.

17. As to Representative Plaintiff and the Ohio Rule 23 Class, the Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiff Michael Wise is an adequate representative of the Ohio Rule 23 Class in that he is a member of the class and possesses the same interests and suffered the same alleged injuries as the class's other members. The definition of the Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Ohio Rule 23 Class are commensurate with their alleged claims. The Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e).

18. The Court approves the Settlement Agreement and orders that it be implemented according to its terms and conditions and as directed herein.

19. The Court approves the method of calculation and proposed distribution of settlement payments. The total Settlement Payment, after deduction of the Service Award to Representative Plaintiffs, attorneys' fees, and litigation reimbursements to Class Counsel, is to be distributed to the Representative Plaintiff and members of the Class, which are calculated proportionally on each Class Member's alleged overtime damages. The Parties have submitted the proposed Schedule of Individual Payments to the Court for approval for both the FLSA and the

Ohio Rule 23 classes. The Court approves the Schedule of Individual Payments and orders that such payments be distributed in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

20. The Court approves the Service Award to Representative Plaintiffs in recognition of his service in this Action, and orders that such payment be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

21. The Court approves the payment of attorneys' fees and costs as provided in the Settlement Agreement, and orders that such payments be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

22. Representative Plaintiffs and the members of both the FLSA and the Ohio Rule 23 classes release claims against Defendant as provided in the Settlement Agreement.

23. The Court DISMISSES THIS ACTION WITH PREJUDICE.

24. The Parties are to bear their respective attorneys' fees and costs except as provided in the Settlement Agreement.

25. The Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement.

26. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately, along with Entry of Judgment thereon.

IT IS SO ORDERED this 25th day of July, 2019.

                                           s/John R. Adams
                                           Honorable John R. Adams
                                           United States District Court Judge